**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALIGN TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A.  No.  18-cv-01949 (LPS) |
| | ) | |
| 3SHAPE A/S, 3SHAPE TRIOS A/S, | ) | |
| and 3SHAPE INC., | ) | |
| | ) | |
| Defendants. | | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF
3SHAPE A/S, 3SHAPE TRIOS A/S  AND 3SHAPE, INC.**

Defendants 3Shape A/S, 3Shape Trios A/S, and 3Shape, Inc. (collectively "Defendants"

or "3Shape"), hereby answer Plaintiff Align Technology, Inc. ("Align" or "Plaintiff") Complaint,

and present their affirmative defenses and counterclaims, as follows:

## THE PARTIES

1.     Align is a Delaware corporation incorporated in April 1997, with its principal
place of business in San Jose, California.

**RESPONSE:**  Denied, except admit upon information and belief that Align is a Delaware

Corporation with its principal place of business in San Jose, California.

2.     On information and belief, 3Shape A/S ("3Shape A/S") is a Danish corporation
with a principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

**RESPONSE:**  Defendants admit that 3Shape A/S is a Danish corporation with principal place of

business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

3.     On information and belief, 3Shape TRIOS A/S ("3Shape TRIOS A/S") is a
Danish corporation with a principal place of business at Holmens Kanal 7, 1060 Copenhagen K,
Denmark.

**RESPONSE:**  Defendants admit that 3Shape TRIOS A/S is a Danish corporation with principal

place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

4.      On information and belief, 3Shape Inc. ("3Shape US") is a Delaware corporation with a principal place of business at 10 Independence Boulevard, Suite 150, Warren, New Jersey 07059.

**RESPONSE:**  Defendants admit that 3Shape Inc. is a Delaware corporation with a principal

place of business at 10 Independence Boulevard, Suite 150, Warren, New Jersey 07059.

5.      On information and belief, 3Shape A/S, 3Shape TRIOS A/S, and 3Shape US are related sister companies commonly held by the same holding company, 3Shape Holding A/S.

**RESPONSE:**  Defendants admit that 3Shape A/S, 3Shape TRIOS A/S, and 3Shape, Inc. are

sister companies.  Defendants admit that 3Shape A/S, 3Shape TRIOS A/S, and 3Shape, Inc. are

each subsidiaries of 3Shape Holding A/S.  To the extent there are any remaining allegations in

paragraph 5 not addressed by the foregoing, Defendants deny them.

6.      3Shape is intentionally disregarding Align's patent rights. Align and 3Shape compete in the digital dentistry industry. That is, both companies sell devices that obtain digital models of a patient's teeth and software for improving, understanding, and manipulating those models to improve a patient's dental and orthodontic treatment plan. Align is a leader in the digital dentistry industry; 3Shape is a follower. Align has developed and acquired patents on key digital dentistry technology; 3Shape saw Align's patented technology and copied it. Align has suffered and continues to suffer significant injury because of 3Shape's willful patent infringement. Align brings this complaint to hold 3Shape responsible for its infringement and to protect its intellectual property rights.

**RESPONSE:** Defendants deny all allegations in paragraph 6, except Defendants admit that

3Shape's TRIOS and Align's iTero scanners compete against each other in the market for

Scanners for Orthodontic treatment.

## JURISDICTION AND VENUE

7.      This lawsuit is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**RESPONSE:** This paragraph contains legal conclusions to which no response is required.  To

the extent any response is required, Defendants admit that Plaintiff purports to bring this action

under the patent laws of the United States, pursuant to Title 35 of the United States Code.  To the

extent there are any remaining allegations in paragraph 7 not addressed by the foregoing, Defendants deny them.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:**  This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338, but deny that Plaintiff is entitled to any relief thereunder, and deny all remaining allegations in paragraph 8.

9.      This Court has personal jurisdiction over Defendants in that they have, directly or through agents and/or intermediaries, committed acts within Delaware giving rise to this action and/or have established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and justice.

**RESPONSE:**  This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, Defendants are not contesting jurisdiction or venue in the United States District Court for the District of Delaware for the limited purposes of this civil action only.  To the extent there are any remaining allegations in paragraph 9 not addressed by the foregoing, Defendants deny them.

10.     On information and belief, Defendants regularly conduct business in Delaware, and purposefully availed themselves of the privileges of conducting business in Delaware. In particular, on information and belief, Defendants, directly and/or through their agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in Delaware. Defendants have placed, and continue to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the United States including in Delaware and specifically including this District.

**RESPONSE**:  Denied.

11.     On information and belief, Defendants have derived substantial revenue from their infringing activity occurring with the State of Delaware and within this District and/or should reasonably expect their actions to have consequences in Delaware. In addition, Defendants have, and continue to, knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices containing infringing functionality within this District to at least resellers, distributors, customers, dentists, orthodontists, dental and

3

orthodontic labs, and/or other end users, and by providing instructions, user manuals, in person and online training, advertising and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

**RESPONSE**: Denied.

12.     Defendants have committed patent infringement in Delaware that has led to foreseeable harm and injury to Align, a Delaware corporation.

**RESPONSE**: Denied.

13.     Additionally, 3Shape A/S and 3Shape TRIOS A/S are subject to jurisdiction in the United Sates, and specifically in Delaware, pursuant to FED. R. CIV. P. 4(k)(2). 3Shape A/S and 3Shape TRIOS A/S have contacts with the United States that include, *inter alia*, advertising, offering to sell, and/or selling their products and software throughout the United States, including Delaware and this District.

**RESPONSE:**  This paragraph contains legal conclusions to which no response is required. To the extent any response is required, 3Shape A/S and 3Shape TRIOS A/S are not contesting jurisdiction or venue in the United States District Court for the District of Delaware for the limited purposes of this civil action only.  To the extent there are any remaining allegations in paragraph 13 not addressed by the foregoing, Defendants deny them.

14.     This Court also has personal jurisdiction over 3Shape US because 3Shape US is a Delaware corporation and thus resides within, and has consented to personal jurisdiction within, this District.

**RESPONSE:**  This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, 3Shape US is not contesting jurisdiction or venue in the United States District Court for the District of Delaware for the limited purposes of this civil action only.  To the extent there are any remaining allegations in paragraph 14 not addressed by the foregoing, Defendants deny them.

15.     The Court further has personal jurisdiction over 3Shape US because 3Shape US has committed, or aided, abetted, contributed, and/or participated in the commission of tortious acts of patent infringement that have led to foreseeable harm and injury to Align, which is a corporation organized and existing under the laws of the State of Delaware. Likewise, 3Shape A/S and 3Shape TRIOS A/S alone and/or in concert with 3Shape US or others, have committed,

or aided, abetted, contributed, and/or participated in the commission of tortious acts of patent infringement that have led to foreseeable harm and injury to Align.

**RESPONSE:** Denied.

16.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**RESPONSE:** This paragraph contains legal conclusions to which no response is required. To the extent any response is required, Defendants are not contesting venue in the United States District Court for the District of Delaware for the limited purposes of this civil action only. To the extent there are any remaining allegations in paragraph 16 not addressed by the foregoing, Defendants deny them.

## THE PATENTS-IN-SUIT

17.     On December 19, 2017, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,844,420 ("the '420 patent"), entitled "System and Method for Positioning Three-Dimensional Brackets on Teeth" naming Ka Man Cheang as the inventor. Align is the owner by assignment of all right, title and interest in the '420 patent and has exclusive right to bring suit to enforce the patent. Evidence of such assignment has been recorded with the U.S. Patent and Trademark Office at Reel/Frame 018418/0912. A true and correct copy of the '420 patent is attached hereto as **Exhibit 1** to this complaint.

**RESPONSE:** Defendants admit U.S. Patent No. 9,844,420 ("the '420 patent") states that it issued on December 19, 2017. The '420 Patent is entitled "System and Method for Positioning Three-Dimensional Brackets on Teeth" and names Ka Man Cheang as an inventor. To the extent there are any remaining allegations in paragraph 17 not addressed by the foregoing, Defendants deny them.

18.     On April 15, 2008, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,357,634 ("the '634 patent"), entitled "Systems and Methods for Substituting Virtual Dental Appliances" naming Peter G. Knopp as the inventor. Align is the owner by assignment of all right, title and interest in the '634 patent and has exclusive right to bring suit to enforce the patent. Evidence of such assignment has been recorded with the U.S. Patent and Trademark Office at Reel/Frame 015965/0734. A true and correct copy of the '634 patent is attached hereto as **Exhibit 2** to this complaint.

**RESPONSE:** Defendants admit that U.S. Patent No. 7,357,634 ("the '634 patent") states that it issued on April 15, 2008.  The '634 patent is entitled "Systems and Methods for Substituting Virtual Dental Appliances and names Peter G. Knopp as an inventor.  To the extent there are any remaining allegations in paragraph 18 not addressed by the foregoing, Defendants deny them.

19.     On May 22, 2018, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,975,294 ("the '294 patent"), entitled "Method for Preparing a Physical Plaster Model" naming Eldad Taub and Avi Kopelman as the inventors. Align is the owner by assignment of all right, title and interest in the '294 patent and has exclusive right to bring suit to enforce the patent. Evidence of such assignment has been recorded with the U.S. Patent and Trademark Office at Reel/Frame 034483/0930. A true and correct copy of the '294 patent is attached hereto as **Exhibit 3** to this complaint.

**RESPONSE:**  Defendants admit that U.S. Patent No. 9,975,294 ("the '294 patent") states that it issued on May 22, 2018.  The '294 patent is entitled "Method for Preparing a Physical Plaster Model" and names Eldad Taub and Avi Kopelman as inventors.  To the extent there are any remaining allegations in paragraph 19 not addressed by the foregoing, Defendants deny them.

20.     On January 22, 2013, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,359,115 ("the '115 patent"), entitled "Method for Manipulating a Dental Virtual Model, Method for Creating Physical Entities Based on A Dental Virtual Model Thus Manipulated, and Dental Models Thus Created" naming Eldad Taub and Avi Kopelman as the inventors. Align is the owner by assignment of all right, title and interest in the '115 patent and has exclusive right to bring suit to enforce the patent. Evidence of such assignment has been recorded with the U.S. Patent and Trademark Office at Reel/Frame 034545/0328. A true and correct copy of the '115 patent is attached as **Exhibit 4** to this complaint.

**RESPONSE:** Defendants admit that U.S. Patent No. 8,359,115 ("the '115 patent") states that it issued on January 22, 2013.  The '115 patent is entitled "Method for Manipulating a Dental Virtual Model, Method for Creating Physical Entities based on a Dental Virtual Model thus Manipulated, and Dental Models thus Created" and names Avi Kopelman and Eldad Taub as inventors.  To the extent there are any remaining allegations in paragraph 19 not addressed by the foregoing, Defendants deny them.

21.    On August 12, 2014, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,805,563 ("the '563 patent"), entitled "Method for Manipulating a Dental Virtual Model, Method for Creating Physical Entities Based on A Dental Virtual Model Thus Manipulated, and Dental Models Thus Created" naming Eldad Taub and Avi Kopelman as the inventors. Align is the owner by assignment of all right, title and interest in the '563 patent and has exclusive right to bring suit to enforce the patent. Evidence of such assignment has been recorded with the U.S. Patent and Trademark Office at Reel/Frame 034545/0328. A true and correct copy of the '563 patent is attached as **Exhibit 5** to this complaint.

**RESPONSE:**  Defendants admit that U.S. Patent No. 8,805,563  ("the '563 patent") states that it issued on August 12, 2014.  The '563 patent is entitled "Method for Manipulating a Dental Virtual Model, Method for Creating Physical Entities based on a Dental Virtual Model thus Manipulated, and Dental Models thus Created" and names Avi Kopelman and Eldad Taub as inventors.  To the extent there are any remaining allegations in paragraph 19 not addressed by the foregoing, Defendants deny them.

## BACKGROUND

22.    Align was founded in 1997 and is a global medical device company with industry leading innovative products such as the iTero intraoral scanner and the Invisalign clear aligner system that help dental and orthodontic professionals deliver effective, cutting-edge dental and orthodontic options to their patients.

**RESPONSE:**  Denied, except admit that Align is a global medical device company that sells iTero intraoral scanners and the Invisalign clear aligners in the United States.

23.    Align's iTero intraoral scanners scan and provide, in conjunction with Align's Invisalign orthodontic system, color 3D imaging of an intraoral surface, such as the teeth and gums, without drying and powdering the intraoral surface, resulting in a digital impression. Align's iTero intraoral scanners and the software within the iTero and Invisalign systems that works in conjunction with the scanner thus eliminate the need for traditional teeth impressions typically taken with an elastomeric or other material.

**RESPONSE:**  Denied, except admit that Align iTero scanners provide 3D scanning capabilities allowing for digital impressions of a patient's full mouth for orthodontic treatment.

24.     The digital impression captured by Align's iTero intraoral scanners, when teamed with Align's Invisalign system, can be used in a variety of dental and orthodontic applications such as, for example, tracking a patient's progress during the Invisalign treatment, tracking changes in a patient's dentition over time, mapping the occlusion of a patient's teeth, and correcting inaccurate scan data.

**RESPONSE:** Denied, except admit that Align iTero scanners provide 3D scanning capabilities

allowing for digital impressions of a patient's full mouth for orthodontic treatment.

25.     Align's iTero intraoral scanner and Invisalign system constitute a proprietary system and method for treating, among other things, malocclusion, misalignment, and/or chipped or missing teeth using a high-precision, high-speed intraoral scanner and related software to create a variety of orthodontic and dental devices including, but not limited to, crowns, bridges, bracket templates, aligners and implants. Each dental device is custom-manufactured for each patient using computer-aided design techniques and sophisticated computer graphic interfaces to communicate with the patient's dental or orthodontic professional in the planning, implementation, and revision of the customized treatment program.

**RESPONSE:**  Denied, except admit that Align's iTero scanners are promoted as assisting

clinicians and technicians in the treatment of dental disorders and orthodontia.

26.     Align's iTero intraoral scanner and Invisalign system, developed by Align over many years and at great expense and effort, represent a breakthrough in the manufacturing principle of "mass customization" and a vast improvement over conventional methods for treating, among other things, chipped or missing teeth, misalignment of teeth and malocclusion. Additionally, the iTero intraoral scanner and Invisalign system provide a "chair-side" platform for live viewing of the digital impression as it is being built on the display screen during scanning, for accessing valuable digital diagnosis and treatment tools, and for enhancing accuracy of records, treatment efficiency, and the overall patient experience. The innovations embodied in Align's iTero intraoral scanner and Invisalign system are protected by numerous United States and foreign patents.

**RESPONSE:**  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 28, and therefore deny the same.

27.     3Shape was founded in the early 2000s as a hearing aid company. It was not until 2011 that 3Shape entered into the digital dentistry market and into competition with Align.

**RESPONSE:** Denied.

28.     On information and belief, 3Shape designs, develops, markets, manufactures, uses, sells, offers for sale, and/or imports its digital dentistry solutions within the United States. For example, 3Shape designs, develops, markets, manufactures, uses, sells, offers for sale, and/or imports 3Shape TRIOS and TRIOS 3 intraoral scanning systems, as well as related TRIOS

software, TRIOS Module software, Ortho System software, and Dental System software (collectively "3Shape Software") within the United States.

**RESPONSE:** Denied.

29.     3Shape's website, www.3shape.com, provides a Webshop for sales of its products and updating subscriptions to its software. (**Exhibit 6**). 3Shape's website also offers training and videos on how to use the TRIOS and TRIOS 3 intraoral scanning systems and the 3Shape Software. (**Exhibit 7**). Additionally, 3Shape has a YouTube channel with training videos at www.youtube.com/3shapeTrainingVideos showing how to use the TRIOS and TRIOS 3 intraoral scanning systems, and the 3Shape Software. (*Id.*) 3Shape's website provides information for contacts in the United States for its Sales and 3Shape Academy Training. (**Exhibit 8**).

**RESPONSE**:  Defendants lack sufficient information regarding the 3Shape entity to which the

allegations of paragraph 29 are directed to admit or deny those allegations, and on that basis,

deny the allegations of paragraph 29.

30.     3Shape's website further provides a "Knowledge Center" with user manuals on the products and how to use the products to encourage purchase and use of 3Shape products, including for the TRIOS and TRIOS 3 intraoral scanning systems (**Exhibit 9**), the TRIOS Module software (**Exhibit 10**), the Ortho System software (**Exhibit 11**); and the Dental System software (**Exhibit 12**).

**RESPONSE**:  Defendants lack sufficient information regarding the 3Shape entity to which the

allegations of paragraph 30 are directed to admit or deny those allegations, and on that basis,

deny the allegations of paragraph 30.

31.     3Shape attends trade shows in the United States, where it has demonstrated, and continues to demonstrate, the use of the TRIOS and TRIOS 3 intraoral scanning systems and its software to the public and orthodontists. (**Exhibit 13** (US International Trade Commission, Inv. No. 337-TA-1091, Open Sessions, Sept. 19, 2018, at 807:14-21; 899:9-13)). 3Shape demonstrates the products at trade shows because it hopes that someone will buy its products. (*Id.* at 899:14-17.)

**RESPONSE**:  Defendants lack sufficient information regarding the 3Shape entity to which the

allegations of paragraph 31 are directed to admit or deny those allegations, and on that basis,

deny the allegations of paragraph 31.

32.     On information and belief, 3Shape has used, sold, and offered for sale its digital dentistry solutions, including the TRIOS and TRIOS 3 intraoral scanning systems and the 3Shape Software, at conferences in the United States, including at least the 2018 Greater New

York Dental Meeting (**Exhibit 14** at 157 (List of Exhibitors)) and the 2018 Chicago Dental Society Midwinter Meeting.



https://www.3shape.com/-/media/corporate-video/exhibitions-and-events-new/highlights-fromchicago.mp4. And on information and belief, 3Shape plans to offer its digital dentistry solutions for sale at the 2019 Chicago Midwinter Meeting. (**Exhibit 15** at 144 (Exhibitor Index).)

**RESPONSE**:  Defendants lack sufficient information regarding the 3Shape entity to which the

allegations of paragraph 32 are directed to admit or deny those allegations, and on that basis,

deny the allegations of paragraph 32.

33.     3Shape's TRIOS and TRIOS 3 intraoral scanning systems, as well as the related 3Shape Software, directly compete with the Align's iTero scanners and Invisalign system. On information and belief, 3Shape developed, made and sold its intraoral scanning systems and software with the intent to directly compete with Align's intraoral scanners and functionalities within the iTero and Invisalign systems. Before introducing its products, 3Shape was aware of the structure, design and operation of Align's patented intraoral scanners and software, including but not limited to intraoral scanners and software developed by Cadent Holdings, Inc. ("Cadent") which Align acquired on April 29, 2011. Moreover, 3Shape has previously entered into agreements with Align that provided 3Shape with significant access to Align's patented technologies.

**RESPONSE**:  Denied that TRIOS and TRIOS 3 are products of 3Shape A/S and 3Shape, Inc., and therefore deny the allegations of paragraph 33, except admit that the TRIOS and iTero scanners compete against each other in the market for scanners for orthodontic treatment.

34.     On information and belief, 3Shape developed, made, and sold its infringing TRIOS and TRIOS 3 scanning systems and infringing 3Shape Software despite having knowledge of the Align patents at issue based on, at a minimum (i) its knowledge of the Align intraoral scanners and software being covered by numerous patents, including the patents at issue, through its prior business dealings with Align, including those with Cadent, whereby 3Shape acquired specific and detailed knowledge from Align regarding the structure, function, operation and commercial benefits of the Align products and the patent protection afforded to certain structures, functions and operations of the patented Align technology; (ii) by virtue of 3Shape's patent prosecution activities wherein Align's patents at issue and/or family members were cited as prior art, including but not limited to U.S. Patent Nos. 9,844,420, 7,357,634, 9,975,294, 8,359,115, and 8,805,563, their applications or related family members; and/or (iii) by virtue of 3Shape's U.S. Food and Drug Section 510(k) premarket notification of intent to market the accused products which identifies 3Shape's accused products as substantially equivalent to Align's patent practicing products (see, e.g., **Exhibit 16**).

**RESPONSE**: Denied.

35.     Align has asserted several of its patents in other actions in this District and in the United States International Trade Commission ("ITC") beginning in 2017, including patent infringement allegations against the TRIOS and TRIOS 3 intraoral scanning systems, and the 3Shape Software. On the public record in Investigation No. 337-TA-1091 in the ITC, 3Shape's Vice President of Orthodontics Mr. Allan Hyldal testified that at least as of 2017, he requested 3Shape engage in a "big analysis" of Align's patents. (**Exhibit 13** at 894:14-17.) 3Shape engaged in this analysis because it believed it could not use Align's technology. (*Id.* at 896:18-897:6.) 3Shape was performing a risk assessment of Align's patent portfolio because 3Shape recognized it did not have a license to Align's patents. (*Id.* at 897:7-13.) During this assessment, internal concerns at 3Shape were raised about Align's patents. (*Id.* at 905:3-11.) Following Align's filing of the patent infringement lawsuits in 2017, 3Shape continues to make, use, sell, and/or offer for sale its products, including the TRIOS and TRIOS 3 scanning systems and the 3Shape Software, in the United States, to import the products into the United States, and to encourage its resellers and others to sell and use its products in the United States, even though it understood doing so would be illegal if it infringed Align's patents as Align alleged. (*Id.* at 881:9-882:5.)

**RESPONSE**:  Denied.

### COUNT I
### (Infringement of the '420 Patent)

36.     Align incorporates by reference its allegations in Paragraphs 1-35 as if fully restated in this paragraph.

**RESPONSE:** Defendants restate and reincorporate their responses to paragraphs 1-35 as if fully set forth herein.

37.    The '420 patent describes in detail and claims in various ways inventions in systems and devices positioning a virtual bracket on a patient's tooth.

**RESPONSE**: Denied.

38.    The '420 patent describes problems and shortcomings in the then-existing field of digital dentistry and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. (**Exhibit 1** at 1:20-2:7.) The claimed invention utilizes a specialized plane such as the curve of Spee or the Andrew's plane passing through virtual crowns. Using this specialized plane through the virtual crowns improves the accuracy in accessing the optimal surface for bracket placement on severely crowded teeth or in teeth where the bonding surface is obstructed by teeth in the opposing arch during jaw closure. This improved data resulted in better treatment plans for patients through dynamic predictive staging and planning.

**RESPONSE**: Denied.

39.    On information and belief, 3Shape has been and is now directly and/or indirectly infringing, literally and/or under the doctrine of equivalents, the '420 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products covered by one or more of the claims of the '420 patent, including the Ortho System software product.

**RESPONSE**: Denied.

40.    The '420 patent is generally directed to a system for positioning a virtual bracket on a patient's tooth. Claim 11 of the '420 patent recites a system for positioning a virtual bracket on a patient's tooth, the system comprising: a processor; and memory comprising program code that, when executed by the processor, causes the system to: receive a digital data set representing a patient's teeth; generate, on a display, a graphical representation of a reference surface passing through a crown of each of the patient's teeth, the reference surface defined at least in part by one or more of a curve of Spee or an Andrew's plane corresponding to the digital data set, wherein the graphical representation is manipulable on the display by a user so as to modify the reference surface; and determine an initial position for the virtual bracket on the patient's tooth, wherein the virtual bracket is aligned with the graphical representation of the reference surface generated on the display.

**RESPONSE:** Denied.

41.    3Shape's TRIOS and TRIOS 3 intraoral scanning systems and/or the Ortho System software product infringes at least claim 11 of the '420 patent. For example, 3Shape's Ortho System software product is a system for positioning a virtual bracket on a patient's tooth, the system comprising: a processor; and memory comprising program code that, when executed

by the processor, causes the system to: receive a digital data set representing a patient's teeth; generate, on a display, a graphical representation of a reference surface passing through a crown of each of the patient's teeth, the reference surface defined at least in part by one or more of a curve of Spee or an Andrew's plane corresponding to the digital data set, wherein the graphical representation is manipulable on the display by a user so as to modify the reference surface; and determine an initial position for the virtual bracket on the patient's tooth, wherein the virtual bracket is aligned with the graphical representation of the reference surface generated on the display, as shown, for example, in the 3Shape Ortho System User Manual and Training Video below.



(*See, e.g.*, 3Shape Ortho System Manual 1.7.1.1 (Oct. 18, 2018) (available at https://www.3shape.com/en/knowledge-center/user-manuals#ortho-system) (herein "Ortho System Manual") at 10 (showing that 3Shape's Ortho System includes the Bracket Placement module).)



### 4.1.5.2 Bracket Placement

The **Bracket Placement** option in the function panel allows you to accurately position brackets used for straight wire technique on the patient's malocclusion in order to optimize the treatment efficiency and reduce bonding chair time. The brackets positions can then be transferred to Appliance Designer where the transfer media can easily be designed with the dedicated bracket transfer option (see the chapter Bracket Transfer Master Model). To place the brackets, go through the workflow described in the steps below.

(*See, e.g.*, *id.* at 135 (showing that the Bracket Placement module is a system for positioning a virtual bracket on a patient's tooth).)



(*See, e.g.*, *id.* at 136-38 (showing that Ortho System receives a digital data set representing a patient's teeth; generate, on a display, a graphical representation of a reference surface passing through a crown of each of the patient's teeth.) The reference surface passing through the teeth is a sagittal plane as shown above and is defined at least in part by one or more of a curve of Spee or an Andrew's plane corresponding to the digital data set.



(*See, e.g.*, Brackets Placement Workflow in 3Shape Video at 5:54, available at https://www.youtube.com/watch?v=oh--TDg3ACA.) The graphical representation is manipulable on the display by a user so as to modify the reference surface.



Brackets Placement Workflow in 3Shape

9,133 views



Brackets Placement Workflow in 3Shape

9,133 views

(*See, e.g.*, Brackets Placement Workflow in 3Shape Video at 6:07 and 7:36, available at https://www.youtube.com/watch?v=oh--TDg3ACA.) 3Shape's Ortho System determines an initial position for the virtual bracket on the patient's tooth, which is shown by the red FA points and the virtual bracket is aligned with the graphical representation of the reference surface generated on the display.

**RESPONSE:**  Denied.

42.    3Shape possesses knowledge of and is aware of the '420 patent by virtue of, at a minimum, the filing of this Complaint and, on information and belief, possessed prior knowledge of the '420 patent by virtue of the prior business dealings between 3Shape and Align and other facts described above.

**RESPONSE:**  Denied.

43.    3Shape also has been and is now actively inducing infringement of one or more claims of the '420 patent, either literally or under the doctrine of equivalents.

**RESPONSE:**  Denied.

44.    On information and belief, 3Shape A/S and 3Shape TRIOS A/S alone and/or acting in concert with, directing and/or authorizing 3Shape US to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and/or the Ortho System software product (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative intent to actively induce infringement by others (**Exhibits 6-11, Exhibit 13** at 809:1-810:3, 899:2-24). On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S induces 3Shape US to infringe (**Exhibits 6-11**).

**RESPONSE:**  Denied.

45.    On information and belief, 3Shape US alone and/or acting in concert with, directing and/or authorizing 3Shape A/S and/or 3Shape TRIOS A/S to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and/or the Ortho System software product (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative intent to actively induce infringement by others. (**Exhibits 6-11; Exhibit 13** at 809:1-810:3, 899:2-24).

**RESPONSE:**  Denied.

46.    3Shape has intended, and continues to intend to induce infringement of the '420 patent by others and has knowledge, with specific intent, that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause the infringing acts. For example, 3Shape is aware that the features claimed in the '420 patent are features in the Ortho System software product and are features used by others that purchase the Ortho System software product and, therefore, that purchasers and end users will infringe the '420 patent by using the Ortho System software product in accordance with the promotional and training material disseminated by 3Shape**.** 3Shape actively induces infringement of the '420

17

patent with knowledge and the specific intent to encourage that infringement by, *inter alia*, disseminating the Ortho System software product and providing promotional materials, marketing materials, training materials, instructions, product manuals, user guides, and technical information (including but not limited to the User Manual and training video described in this Count of the Complaint) to others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Ortho System software product. Those third parties directly infringe the '420 patent by making, using, selling, offering for sale, and/or importing the Ortho System software product.

**RESPONSE:** Denied.

47.     3Shape also has been and is now contributing to the infringement of one or more claims of the '420 patent, either literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

48.     3Shape has actively, knowingly, and intentionally contributed and continues to actively, knowingly, and intentionally contribute to the infringement of the '420 patent by having sold or offered to sell and continuing to sell or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems and/or the Ortho System software product within in the United States (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24) and/or by importing the TRIOS and TRIOS 3 intraoral scanning systems and/or the Ortho System software product into the United States, with knowledge that the infringing technology in the Ortho System software product is especially made and/or especially adapted for use in infringement of the '420 patent (**Exhibit 13** at 894:14-17; 896:18-897:13). 3Shape has contributed to the infringement by others with knowledge that the infringing technology in the Ortho System software product is a material part of the patented invention, and with knowledge that the infringing technology in the Ortho System software product is not a staple article of commerce suitable for substantial non-infringing use, and with knowledge that others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Ortho System software product infringe and will continue to infringe the '420 patent because, due to their specific designs, the accused products and components thereof do not have any substantial noninfringing uses. 3Shape has such knowledge at least because the claimed features of the '420 patent are used by others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Ortho System software product (**Exhibits 7, 8**).

**RESPONSE:** Denied.

49.     On information and belief, 3Shape knew or should have known of the '420 patent and has acted, and continues to act, in an egregious and wanton manner by infringing the '420 patent. On information and belief, 3Shape's infringement of the '420 patent has been and continues to be willful and deliberate. The market for intraoral scanners and related dental and orthodontic software products contains a limited number of competitors, with Align being a known pioneer with whom 3Shape has studied familiarity. The companies have worked together in the past and 3Shape has had ample access to Align's technology. Moreover, 3Shape spent

ample time studying Align patents. Upon information and belief, 3Shape knowingly developed and sold its competitive knockoff products in an infringing manner that was known to 3Shape or was so obvious that 3Shape should have known about this infringement.

**RESPONSE:** Denied.

50.     Moreover, at least as of 2017, 3Shape engaged in a "big analysis" of Align's patents. 3Shape engaged in this analysis because it believed it could not use Align's technology until at least 2020. 3Shape was performing a risk assessment of Align's patent portfolio because 3Shape recognized risks in introducing potentially infringing Align's patents. During this assessment, internal concerns at 3Shape were raised about Align's patents. 3Shape continues to make, use, sell, and/or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems, and the TRIOS Software, Dental System and/or Ortho System software in the United States, to import the products into the United States, and to encourage its resellers and others to sell and use the products in the United States, despite being aware of a substantial risk of infringement.

**RESPONSE:** Denied.

51.     On information and belief, despite knowing that its actions constituted infringement of the '420 patent and/or despite knowing that that there was a high likelihood that its actions constituted infringement of the patent, 3Shape nevertheless continued its infringing actions, and continues to make, use and sell its infringing products.

**RESPONSE:** Denied.

52.     3Shape's acts of infringement have injured and damaged Align.

**RESPONSE:** Denied.

53.     3Shape's wrongful conduct has caused Align to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Upon information and belief, 3Shape will continue these infringing acts unless enjoined by this Court.

**RESPONSE:** Denied.

## <u>COUNT II</u>
### (Infringement of the '634 Patent)

54.     Align incorporates by reference its allegations in Paragraphs 1-53 as if fully restated in this paragraph.

**RESPONSE:** Defendants restate and reincorporate their responses to paragraphs 1-53 as if fully

set forth herein.

55.     The '634 patent describes in detail and claims in various ways inventions in systems and devices for improved virtual treatment using one or more dental appliances.

19

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the

'634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all

remaining allegations.

56.     The '634 patent describes problems and shortcomings in the then-existing field of digital dentistry and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. (**Exhibit 2** at 1:7-44.) The claimed invention utilizes a library of virtual brackets that permits an orthodontist to evaluate options by choosing different bracket prescriptions and features such as hooks or ligation methods before the brackets are applied to a patient's teeth. The bracket library allows dynamic selection of different bracket options and as a result, the doctor can try many different solutions, which was not previously possible or feasible without ruining the plaster model. This further results in better predictive planning and treatment outcomes.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the

'634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all

remaining allegations.

57.     On information and belief, 3Shape has been and is now directly and/or indirectly infringing, literally and/or under the doctrine of equivalents, the '634 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products covered by one or more of the claims of the '634 patent, including the Ortho System software product.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the

'634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all

remaining allegations.

58.     The '634 patent is generally directed to a system for performing a virtual treatment on a model of a patient's dentition. Claim 1 of the '634 patent recites a method for performing virtual treatment using one or more dental appliances, comprising: receiving a digital model of a dental appliance; selecting a standard position and orientation for the dental appliance in relation to a tooth model; and mapping the digital model of the dental appliance to the standard position and orientation, wherein the mapping comprises setting a plurality of digital models to the standard position and orientation; wherein the mapping comprises automatically placing a second dental appliance at a same position as a first dental appliance.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

59.     3Shape's TRIOS and TRIOS 3 intraoral scanning systems and Ortho System software product infringes at least claim 1 of the '634 patent. For example, 3Shape's Ortho System software product performs a method for performing virtual treatment using one or more dental appliances, comprising: receiving a digital model of a dental appliance; selecting a standard position and orientation for the dental appliance in relation to a tooth model; and mapping the digital model of the dental appliance to the standard position and orientation, wherein the mapping comprises setting a plurality of digital models to the standard position and orientation; wherein the mapping comprises automatically placing a second dental appliance at a same position as a first dental appliance, as shown, for example, in the 3Shape user manuals below.



(*See, e.g.*, 3Shape Ortho System Manual at 10).



### 4.1.5.2 Bracket Placement

The **Bracket Placement** option in the function panel allows you to accurately position brackets used for straight wire technique on the patient's malocclusion in order to optimize the treatment efficiency and reduce bonding chair time. The brackets positions can then be transferred to Appliance Designer where the transfer media can easily be designed with the dedicated bracket transfer option (see the chapter Bracket Transfer Master Model). To place the brackets, go through the workflow described in the steps below.

(*See, e.g.*, *id.* at 135.) The bracket placement tool is for performing virtual treatment using one or more dental appliances, such as brackets.



*Bracket libraries page*

(*See, e.g.*, *id.* at 321.)

At the **Archwire plane** substep, you are offered the **Dual view** model representation, where you can choose the desired mode:

-  **Dual view mode** - splits the window in two, showing the malocclusion on the left side and the resulted setup on the right side of the window simultaneously.

- **Left side only** - shows only the malocclusion.

- **Right side only** - shows only the resulted setup.

Set the plane for the archwire placement using the following options:

| Option | Description |
|---|---|
| **Show sagittal plane** | Displays the set sagittal plane in addition to the archwire plane. |
| **Set by FA points** | Sets the archwire plane by the placed FA points. |
| **Align to sagittal plane** | Aligns the archwire plane perpendicular to the set sagittal plane. |

Adjust the plane's position using the control points.

*Adjusting the archwire plane position*
138

Click **Clear** to remove the set archwire plane and place a new one.

Once the plane is set, click **Next** to proceed.

At the **Archwire placement**  substep, select the desired **Arch shape** and choose from the list of available archwires of the selected shape.

> **Note:** You can check the available archwires and create custom ones in Ortho Control Panel by going to **Bracket placement elements > Archwire settings** (see the chapter Archwire Settings).

Drag the blue control point to move the archwire in distal or mesial direction. You can see the result of the archwire placement on the right side of the window in **Dual view mode** 

*Placing an archwire in Dual view mode*

Click **Reset position** to return the archwire to its default position.

Once the archwire is placed, click **Next** to proceed.

(*See, e.g.*, *id.* at 138-39.)

23







(*See, e.g.*, Brackets Placement Workflow in 3Shape Video at 6:07, 7:36, and 8:13, available at https://www.youtube.com/watch?v=oh--TDg3ACA.) The bracket placement tool receives a digital model of the bracket, selecting a standard position and orientation for the dental appliance in relation to a tooth model using the FA points as shown in the video above. The digital model of the dental appliance is mapped to the standard position and orientation. As shown above, a second dental appliance is automatically set at a same position as a first dental appliance.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

60.     3Shape possesses knowledge of and is aware of the '634 patent by virtue of, at a minimum, the filing of this Complaint and, on information and belief, possessed prior knowledge of the '634 patent by virtue of the prior business dealings between 3Shape and Align and other facts described above.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

61.     3Shape also has been and is now actively inducing infringement of one or more claims of the '634 patent, either literally or under the doctrine of equivalents.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

62.     On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S alone and/or acting in concert with, directing and/or authorizing 3Shape US to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and Ortho System software product (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative intent to actively induce infringement by others (**Exhibit 13** at 809:1-810:3, 899:2-24). On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S induces 3Shape US to infringe (**Exhibits 6-11**).

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

On information and belief, 3Shape US alone and/or acting in concert with, directing and/or authorizing 3Shape A/S and/or 3Shape TRIOS A/S to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and Ortho System software product (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24),

possesses an affirmative intent to actively induce infringement by others. (**Exhibits 6-11; Exhibit 13** at 809:1-810:3, 899:2-24.)

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the

'634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all

remaining allegations.

63.   3Shape possesses knowledge of and is aware of the '634  patent by virtue of, at a minimum, the filing of this Complaint and, on information and belief, possessed prior knowledge of the '634  patent by virtue of the prior business dealings between 3Shape and Align and other facts described above.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the

'634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all

remaining allegations.

64.   3Shape has intended, and continues to intend to induce infringement of the '634 patent by others and has knowledge, with specific intent, that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause the infringing acts. For example, 3Shape is aware that the features claimed in the '634 patent are features in the Ortho System software product and are features used by others that purchase Ortho System software product and, therefore, that purchasers and end users will infringe the '634 patent by using the Ortho System software product in accordance with the promotional and training material disseminated by 3Shape. 3Shape actively induces infringement of the '634 patent with knowledge and the specific intent to encourage that infringement by, *inter alia*, disseminating the Ortho System software product and providing promotional materials, marketing materials, training materials, instructions, product manuals, user guides, and technical information (including but not limited to the User Manual and training video described in this Count of the Complaint) to others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Ortho System software product. Those third parties directly infringe the '634 patent by making, using, selling, offering for sale, and/or importing the Ortho System software product.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the

'634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all

remaining allegations.

65.   3Shape also has been and is now contributing to the infringement of one or more claims of the '634 patent, either literally or under the doctrine of equivalents.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

66.    3Shape has actively, knowingly, and intentionally contributed and continues to actively, knowingly, and intentionally contribute to the infringement of the '634 patent by having sold or offered to sell and continuing to sell or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems and Ortho System software product within the United States (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24) and/or by importing the TRIOS and TRIOS 3 intraoral scanning systems and Ortho System software product into the United States, with knowledge that the infringing technology in the Ortho System software product is especially made and/or especially adapted for use in infringement of the '634 patent. (**Exhibit 13** at 894:14-17; 896:18-897:13). 3Shape has contributed to the infringement by others with knowledge that the infringing technology in the Ortho System software product is a material part of the patented invention, and with knowledge that the infringing technology in the Ortho System software product is not a staple article of commerce suitable for substantial non-infringing use, and with knowledge that others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Ortho System software product infringe and will continue to infringe the '634 patent because, due to their specific designs, the accused products and components thereof do not have any substantial noninfringing uses. 3Shape has such knowledge at least because the claimed features of the '634 patent are used by others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Ortho System software product. (**Exhibits 7, 8.**)

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

67.    On information and belief, 3Shape knew or should have known of the '634 patent and has acted, and continues to act, in an egregious and wanton manner by infringing the '634 patent. On information and belief, 3Shape's infringement of the '634 patent has been and continues to be willful and deliberate. The market for intraoral scanners and related dental and orthodontic software products contains a limited number of competitors, with Align being a known pioneer with whom 3Shape has studied familiarity. The companies have worked together in the past and 3Shape has had ample access to Align's technology. Moreover, 3Shape spent ample time studying Align patents. Upon information and belief, 3Shape knowingly developed and sold its competitive knockoff products in an infringing manner that was known to 3Shape or was so obvious that 3Shape should have known about this infringement.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

68.    Moreover, at least as of 2017, 3Shape engaged in a "big analysis" of Align's patents. 3Shape engaged in this analysis because it believed it could not use Align's technology until at least 2020. 3Shape was performing a risk assessment of Align's patent portfolio because 3Shape recognized risks in introducing potentially infringing Align's patents. During this assessment, internal concerns at 3Shape were raised about Align's patents. 3Shape continues to make, use, sell, and/or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems, and the TRIOS Software, Dental System and/or Ortho System software in the United States, to import the products into the United States, and to encourage its resellers and others to sell and use the products in the United States, despite being aware of a substantial risk of infringement.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

69.    On information and belief, despite knowing that its actions constituted infringement of the '634 patent and/or despite knowing that that there was a high likelihood that its actions constituted infringement of the patent, 3Shape nevertheless continued its infringing actions, and continues to make, use and sell its infringing products.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

70.    3Shape's acts of infringement have injured and damaged Align.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the '634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all remaining allegations.

71.    3Shape's wrongful conduct has caused Align to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Upon information and belief, 3Shape will continue these infringing acts unless enjoined by this Court.

**RESPONSE:**  3Shape responds that the Court has dismissed claims 1-9, 16, 17 and 21 of the

'634 patent from this action as not patent eligible under 35 U.S.C. § 101.  3Shape denies all

remaining allegations.

### COUNT III
### (Infringement of the '294 Patent)

72.     Align incorporates by reference its allegations in Paragraphs 1-71 as if fully
restated in this paragraph.

**RESPONSE:**  Defendants restate and reincorporate their responses to paragraphs 1-71 as if fully

set forth herein.

73.     The '294 patent describes in detail and claims in various ways inventions in
systems and devices for improved virtual models of teeth in alignment.

**RESPONSE:**  Denied.

74.     The '294 patent describes problems and shortcomings in the then-existing field of
digital dentistry and describes and claims novel and inventive technological improvements and
solutions to such problems and shortcomings. (**Exhibit 3** at 1:8-2:38.) The claimed invention
provides a virtual representation of an articulator and dental model that precisely simulates the
occlusion relationship of the jaws. Specifically, the claimed invention is an articulator with
positioning reference components to yield proper occlusion alignment.

**RESPONSE:**  Denied.

75.     On information and belief, 3Shape has been and is now directly and indirectly
infringing, literally and/or under the doctrine of equivalents, the '294 patent by making, using,
selling, and/or offering for sale in the United States, and/or importing into the United States,
products covered by one or more of the claims of the '294 patent, including the TRIOS and
TRIOS 3 intraoral scanning systems and Dental System software product.

**RESPONSE:**  Denied.

76.     The '294 patent is directed to a computer system for generating a virtual model of
teeth, comprising: a processor operably coupled to a computer readable storage medium
comprising instructions which, when executed, cause the processor to: receive a virtual model of
a patient's dentition including a virtual upper jaw member and a virtual lower jaw member
respectively corresponding to at least a part of each upper and lower jaw of the patient's
dentition; receive data representative of at least a spatial relationship between the upper and
lower jaws in occlusion; and incorporate in the virtual model a virtual alignment arrangement
configured to provide virtual occlusion alignment between the virtual upper and lower jaw
members according to the spatial relationship, the virtual alignment arrangement comprising a

first virtual alignment structure of the virtual upper jaw member that receives a second virtual alignment structure of the virtual lower jaw member or the virtual alignment arrangement comprises a first virtual alignment structure of the virtual lower jaw member that receives a second virtual alignment structure of the virtual upper jaw member, thereby defining an updated virtual model, wherein the first virtual alignment structure comprises a first plurality of virtual positioning reference components and the second virtual alignment structure comprises a second plurality of virtual positioning reference components, the first plurality of virtual positioning reference components configured to fit with the second plurality of virtual positioning reference components in order to yield proper occlusion alignment of the virtual upper and lower jaw members.

**RESPONSE:** Denied.

77.    3Shape's TRIOS and TRIOS 3 intraoral scanning systems and Dental System software product infringes at least claim 1 of the '294 patent. For example, 3Shape's TRIOS and TRIOS 3 intraoral scanning systems and Dental System software product is a computer system for generating a virtual model of teeth, comprising: a processor operably coupled to a computer readable storage medium comprising instructions which, when executed, cause the processor to: receive a virtual model of a patient's dentition including a virtual upper jaw member and a virtual lower jaw member respectively corresponding to at least a part of each upper and lower jaw of the patient's dentition; receive data representative of at least a spatial relationship between the upper and lower jaws in occlusion; and incorporate in the virtual model a virtual alignment arrangement configured to provide virtual occlusion alignment between the virtual upper and lower jaw members according to the spatial relationship, the virtual alignment arrangement comprising a first virtual alignment structure of the virtual upper jaw member that receives a second virtual alignment structure of the virtual lower jaw member or the virtual alignment arrangement comprises a first virtual alignment structure of the virtual lower jaw member that receives a second virtual alignment structure of the virtual upper jaw member, thereby defining an updated virtual model, wherein the first virtual alignment structure comprises a first plurality of virtual positioning reference components and the second virtual alignment structure comprises a second plurality of virtual positioning reference components, the first plurality of virtual positioning reference components configured to fit with the second plurality of virtual positioning reference components in order to yield proper occlusion alignment of the virtual upper and lower jaw members, as shown, for example, in the 3Shape training videos and user manuals below.



## 1.23. Digital Model

3Shape Model Builder™ allows you to design lab models for an extensive range of indications including implant models, from intraoral scans, physical impression scans and gypsum scans. You can easily produce all lab models locally, either in-house or through your manufacturing center, bypassing usually slow and expensive manufacturing services.

3Shape Model Builder™ supports 3Shape TRIOS and many other validated digital impression-taking solutions, 3D-printers and milling machines while storing machine-specific parameters in editable, reusable profiles.

(*See, e.g.,* 3Shape Dental System 2018 User Manual (herein "Dental System User Manual") at 374 available at https://www.3shape.com/en/knowledge-center/user-manuals#dental-system.)





(*Id.* at 375.) The Model Builder receives a virtual model of a patient's dentition including a virtual upper jaw member and a virtual lower jaw member respectively corresponding to at least a part of each upper and lower jaw of the patient's dentition. As shown above the Model Builder receives data representative of at least a spatial relationship between the upper and lower jaws in occlusion.



(*Id.* at 380, 387.)



(*See, e.g.,* 3Shape marketing video (3Shape YouTube channel), available at: https://www.youtube.com/watch?v=5AkeTHr5mxc.) The Model Builder incorporates in the virtual model a virtual alignment arrangement configured to provide virtual occlusion alignment between the virtual upper and lower jaw members according to the spatial relationship. The virtual alignment arrangement has a first virtual alignment structure of the virtual upper jaw member that receives a second virtual alignment structure of the virtual lower jaw member or the virtual alignment arrangement comprises a first virtual alignment structure of the virtual lower jaw member that receives a second virtual alignment structure of the virtual upper jaw member. As shown in the video clips of the model builder, the alignment structures define an updated virtual model, the first virtual alignment structure comprises a first plurality of virtual positioning

32

reference components and the second virtual alignment structure comprises a second plurality of virtual positioning reference components, the first plurality of virtual positioning reference components configured to fit with the second plurality of virtual positioning reference components in order to yield proper occlusion alignment of the virtual upper and lower jaw members.

**RESPONSE:** Denied.

78. 3Shape possesses knowledge of and is aware of the '294 patent by virtue of, at a minimum, the filing of this Complaint and, on information and belief, possessed prior knowledge of the '294 patent by virtue of the prior business dealings between 3Shape and Align and other facts described above.

**RESPONSE:** Denied.

79. 3Shape also has been and is now actively inducing infringement of one or more claims of the '294 patent, either literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

80. On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S alone and/or acting in concert with, directing and/or authorizing 3Shape US to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and Dental System software product (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative induce infringement by others (**Exhibit 13** at 809:1-810:3, 899:2-24). On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S induces 3Shape US to infringe (**Exhibits 6-10, 10, 12**).

**RESPONSE:** Denied.

81. On information and belief, 3Shape US alone and/or acting in concert with, directing and/or authorizing 3Shape A/S and/or 3Shape TRIOS A/S to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and Dental System software product (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative intent to actively induce infringement by others. (**Exhibits 6-10, 12; Exhibit 13** at 809:1-810:3, 899:2-24.)

**RESPONSE:** Denied.

82. 3Shape has intended, and continues to intend to induce infringement of the '294 patent by others and has knowledge, with specific intent, that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause the infringing acts. For example, 3Shape is aware that the features claimed in the '294 patent are features in the Dental System software product and are features used by others that purchase the Dental System software product and, therefore, that purchasers and end users will infringe the '294 patent by using the Dental System software product in accordance with the promotional and

training material disseminated by 3Shape. 3Shape actively induces infringement of the '294 patent with knowledge and the specific intent to encourage that infringement by, *inter alia*, disseminating the Dental System software product and providing promotional materials, marketing materials, training materials, instructions, product manuals, user guides, and technical information (including but not limited to the training videos and User Manual described in this Count of the Complaint) to others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Dental System software product. Those third parties directly infringe the '294 patent by making, using, selling, offering for sale, and/or importing the TRIOS and TRIOS 3 intraoral scanning systems and Dental System software product.

**RESPONSE:** Denied.

83.    3Shape also has been and is now contributing to the infringement of one or more claims of the '294 patent, either literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

84.    3Shape has actively, knowingly, and intentionally contributed and continues to actively, knowingly, and intentionally contribute to the infringement of the '294 patent by having sold or offered to sell and continuing to sell or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems and Dental System software product within in the United States (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24) and/or by importing the Dental System software product into the United States, with knowledge that the infringing technology in the Dental System software product is especially made and/or especially adapted for use in infringement of the '294 patent(**Exhibit 13** at 894:14-17; 896:18-897:13). 3Shape has contributed to the infringement by others with knowledge that the infringing technology in the Dental System software product is a material part of the patented invention, and with knowledge that the infringing technology in the Dental System software product is not a staple article of commerce suitable for substantial noninfringing use, and with knowledge that others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Dental System software product, infringe and will continue to infringe the '294 patent because, due to their specific designs, the accused products and components thereof do not have any substantial noninfringing uses. 3Shape has such knowledge at least because the claimed features of the '294 patent are used by others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the Dental System software product. (**Exhibits 7, 8**.)

**RESPONSE:** Denied.

85.    On information and belief, 3Shape knew or should have known of the '294 patent and has acted, and continues to act, in an egregious and wanton manner by infringing the '294 patent. On information and belief, 3Shape's infringement of the '294 patent has been and continues to be willful and deliberate. The market for intraoral scanners and related dental and orthodontic software products contains a limited number of competitors, with Align being a known pioneer with whom 3Shape has studied familiarity. The companies have worked together in the past and 3Shape has had ample access to Align's technology. Moreover, 3Shape spent

ample time studying Align patents. Upon information and belief, 3Shape knowingly developed and sold its competitive knockoff products in an infringing manner that was known to 3Shape or was so obvious that 3Shape should have known about this infringement.

**RESPONSE:**  Denied.

86.    Moreover, at least as of 2017, 3Shape engaged in a "big analysis" of Align's patents. 3Shape engaged in this analysis because it believed it could not use Align's technology until at least 2020. 3Shape was performing a risk assessment of Align's patent portfolio because 3Shape recognized risks in introducing potentially infringing Align's patents. During this assessment, internal concerns at 3Shape were raised about Align's patents. 3Shape continues to make, use, sell, and/or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems, and the TRIOS Software, Dental System and/or Ortho System software in the United States, to import the products into the United States, and to encourage its resellers and others to sell and use the products in the United States, despite being aware of a substantial risk of infringement.

**RESPONSE:**  Denied.

87.    On information and belief, despite knowing that its actions constituted infringement of the '294 patent and/or despite knowing that that there was a high likelihood that its actions constituted infringement of the patent, 3Shape nevertheless continued its infringing actions, and continues to make, use and sell its infringing products.

**RESPONSE:**  Denied.

88.    3Shape's acts of infringement have injured and damaged Align.

**RESPONSE:**  Denied.

89.    3Shape's wrongful conduct has caused Align to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Upon information and belief, 3Shape will continue these infringing acts unless enjoined by this Court.

**RESPONSE:**  Denied.

## <u>COUNT IV</u>
### (Infringement of the '115Patent)

90.    Align incorporates by reference its allegations in Paragraphs 1-89 as if fully restated in this paragraph.

**RESPONSE:** Defendants restate and reincorporate their responses to paragraphs 1-89 as if fully

set forth herein.

91.     The '115 patent describes in detail and claims in various ways inventions in systems and devices for improving a virtual model by creating, recreating or reconstructing finish line data or other geometry corresponding to an obstructed part of a model.

**RESPONSE:** Denied.

92.     The '115 patent describes problems and shortcomings in the then-existing field of digital dentistry and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. (**Exhibit 4** at 1:26-62.) The claimed invention relates to the reconstruction of scanning data of the intraoral cavity that is obscured.

**RESPONSE:** Denied.

93.     A parameter used in the design and manufacture of a dental prosthesis, such as a crown or bridge, is the finish line, or transition boundary between the prosthesis and the dental preparation, and this needs to be precisely defined in three-dimensions. Obtaining the finish line coordinates from a computer virtual model is more efficient and often more accurate than from a plaster cast, and moreover facilitates the production of such a prosthesis, for example via CNC machining, rapid prototyping, or other computerized technologies, if desired. However, it is often the case that when scanning the intra oral cavity to obtain 3D data of the preparation and finish line on which the virtual model is based, part of the finish line, and possibly also the shoulder and other parts of the preparation, may be obscured by soft tissues such as the gum that, no longer being pushed by the dental surfaces that have been removed, deform to cover at least a part of the finish line on the prepared dental site. Additionally or alternatively, part or all of the finish line may be obscured by other agents, including, for example, accumulation of one or more of saliva, blood, lubricant used with a dental drill, debris resulting from working the dental site, and so on

**RESPONSE:** Denied.

94.     The inventions disclosed in the '115 patent provide a specific solution to this problem by allowing for the manipulation in virtual space of an obscured portion of a virtual model. Specifically, the '115 patent allows the user to create, recreate or reconstruct finish line data and other geometry corresponding to the obscured part.

**RESPONSE:** Denied.

95.     On information and belief, 3Shape has been and is now directly and indirectly infringing, literally and/or under the doctrine of equivalents, the '115 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products covered by one or more of the claims of the '115 patent, including the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product.

**RESPONSE:** Denied.

96.     The '115 patent is directed to a computerized method for manipulating a virtual dental model, comprising: providing to a computer processor a 3D virtual model of a dental site

comprising dental surfaces, wherein a first portion of the dental site is obscured by a material; and executing instructions causing the computer processor to: separate the 3D virtual model into a first virtual model part corresponding to an unobscured portion of the dental site and a second virtual model part corresponding to the first portion of the dental site obscured by the material; generate an auxiliary 3D virtual model comprising an unobscured first portion of the dental site by providing topographical data of the first virtual model part and the second virtual model part so as to reconstruct data of the first portion of the dental site to exclude the material; and generate a reconstructed 3D virtual model of the dental site based on the first virtual model part and the unobscured first portion.

**RESPONSE:**  Denied.

97.    3Shape's TRIOS, TRIOS 3, and TRIOS Module software product, infringe at least claim 1 of the '115 patent. For example, 3Shape's TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product, practice a computerized method for manipulating a virtual dental model, comprising: providing to a computer processor a 3D virtual model of a dental site comprising dental surfaces, wherein a first portion of the dental site is obscured by a material; and executing instructions causing the computer processor to: separate the 3D virtual model into a first virtual model part corresponding to an unobscured portion of the dental site and a second virtual model part corresponding to the first portion of the dental site obscured by the material; generate an auxiliary 3D virtual model comprising an unobscured first portion of the dental site by providing topographical data of the first virtual model part and the second virtual model part so as to reconstruct data of the first portion of the dental site to exclude the material; and generate a reconstructed 3D virtual model of the dental site based on the first virtual model part and the unobscured first portion, as shown, for example, in the 3Shape videos and user manuals below.

> 3Shape TRIOS® module software is supported by Windows Vista or later with Microsoft .Net 4. (version 4.5 is part of the installer).
>
> 3Shape TRIOS® module installer is either factory installed on TRIOS® Cart or a custom installation on a supported PC with attached Pod and scanner.

(*See* 3Shape, TRIOS Module User Manual, 5 (July 17, 2017 (1.17.2.2)), https://www.3shape.com/en/knowledge-center/user-manuals#TRIOS-module (hereinafter, "TRIOS Module User Manual").)

> 5.  **Keep lips, cheeks, and tongue out of the scanner's view**:
>    - Use your finger or a dental mirror to create space between the teeth, lips and cheeks.
>    - Use a lip-and-cheek-retractor to keep lips and cheeks away.
>    - Be careful not to scan your own or assistant's fingers.
>    - If you get lips, cheeks or tongue in the scan, make sure to trim it all, especially where they have contact with the teeth (no surfaces should stick out from the teeth).

(*Id.* at 32.)



(3Shape Training Video at 2:29 available at https://www.youtube.com/watch?v=hIP1CbFnFPU.) As shown on the left, a first portion of the dental site is obscured by a material, such as saliva.

 **Trim** - provides tools for cleaning and trimming the scan:

(TRIOS Module User Manual at 27.) The model can be trimmed leaving just the unobscured portion, e.g., separate the 3D virtual model into a first virtual model part corresponding to an unobscured portion of the dental site and a second virtual model part corresponding to the first portion of the dental site obscured by the material. As shown on the right of the training video above, the TRIOS Module can generate an auxiliary 3D virtual model comprising an unobscured first portion of the dental site by providing topographical data of the first virtual model part and the second virtual model part so as to reconstruct data of the first portion of the dental site to exclude the material, and generate a reconstructed 3D virtual model of the dental site based on the first virtual model part and the unobscured first portion.

**RESPONSE:**  Denied.

38

98.     3Shape possesses knowledge of and is aware of the '115 patent by virtue of, at a minimum, the filing of this Complaint and, on information and belief, possessed prior knowledge of the '115 patent by virtue of the prior business dealings between 3Shape and Align and other facts described above.

**RESPONSE:**  Denied.

99.     3Shape also has been and is now actively inducing infringement of one or more claims of the '115 patent, either literally or under the doctrine of equivalents.

**RESPONSE:**  Denied.

100.     On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S alone and/or acting in concert with, directing and/or authorizing 3Shape US to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product, (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative induce infringement by others (**Exhibit 13** at 809:1-810:3, 899:2-24). On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S induces 3Shape US to infringe (**Exhibits 6-10**).

**RESPONSE:**  Denied.

101.     On information and belief, 3Shape US alone and/or acting in concert with, directing and/or authorizing 3Shape A/S and/or 3Shape TRIOS A/S to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product, (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative intent to actively induce infringement by others. (**Exhibits 6-10; Exhibit 13** at 809:1-810:3, 899:2-24.)

**RESPONSE:**  Denied.

102.     3Shape has intended, and continues to intend to induce infringement of the '115 patent by others and has knowledge, with specific intent, that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause the infringing acts. For example, 3Shape is aware that the features claimed in the '115 patent are features in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product and are features used by others that purchase the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product and, therefore, that purchasers and end users will infringe the '115 patent by using the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product in accordance with the promotional and training material disseminated by 3Shape. 3Shape actively induces infringement of the '115 patent with knowledge and the specific intent to encourage that infringement by, *inter alia*, disseminating the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product and providing promotional materials, marketing materials, training materials, instructions, product manuals, user guides, and technical information (including but not limited to the marketing video, brochure, and press release described in this Count of the Complaint) to others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs,

and/or other end users of the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product. Those third parties directly infringe the '115 patent by making, using, selling, offering for sale, and/or importing the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product.

**RESPONSE:** Denied.

103.    3Shape also has been and is now contributing to the infringement of one or more claims of the '115 patent, either literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

104.    3Shape has actively, knowingly, and intentionally contributed and continues to actively, knowingly, and intentionally contribute to the infringement of the '115 patent by having sold or offered to sell and continuing to sell or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product within in the United States (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24) and/or by importing the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product into the United States, with knowledge that the infringing technology in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product is especially made and/or especially adapted for use in infringement of the '115 patent. (**Exhibit 13** at 894:14-17; 896:18-897:13.) 3Shape has contributed to the infringement by others with knowledge that the infringing technology in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product is a material part of the patented invention, and with knowledge that the infringing technology in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product is not a staple article of commerce suitable for substantial non-infringing use, and with knowledge that others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product, infringe and will continue to infringe the '115 patent because, due to their specific designs, the accused products and components thereof do not have any substantial noninfringing uses. 3Shape has such knowledge at least because the claimed features of the '115 patent are used by others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product. (**Exhibits 7, 8**.)

**RESPONSE:** Denied.

105.    On information and belief, 3Shape knew or should have known of the '115 patent and has acted, and continues to act, in an egregious and wanton manner by infringing the '115 patent. On information and belief, 3Shape's infringement of the '115 patent has been and continues to be willful and deliberate. The market for intraoral scanners and related dental and orthodontic software product contains a limited number of competitors, with Align being a known pioneer with whom 3Shape has studied familiarity. The companies have worked together in the past and 3Shape has had ample access to Align's technology. Moreover, 3Shape spent ample time studying Align patents. Upon information and belief, 3Shape knowingly developed

and sold its competitive knockoff products in an infringing manner that was known to 3Shape or was so obvious that 3Shape should have known about this infringement.

**RESPONSE:** Denied.

106.    Moreover, at least as of 2017, 3Shape engaged in a "big analysis" of Align's patents. 3Shape engaged in this analysis because it believed it could not use Align's technology until at least 2020. 3Shape was performing a risk assessment of Align's patent portfolio because 3Shape recognized risks in introducing potentially infringing Align's patents. During this assessment, internal concerns at 3Shape were raised about Align's patents. 3Shape continues to make, use, sell, and/or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems, and the TRIOS Software, Dental System and/or Ortho System software in the United States, to import the products into the United States, and to encourage its resellers and others to sell and use the products in the United States, despite being aware of a substantial risk of infringement.

**RESPONSE:** Denied.

107.    On information and belief, despite knowing that its actions constituted infringement of the '115 patent and/or despite knowing that that there was a high likelihood that its actions constituted infringement of the patent, 3Shape nevertheless continued its infringing actions, and continues to make, use and sell its infringing products.

**RESPONSE:** Denied.

108.    3Shape's acts of infringement have injured and damaged Align.

**RESPONSE:** Denied.

109.    3Shape's wrongful conduct has caused Align to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Upon information and belief, 3Shape will continue these infringing acts unless enjoined by this Court.

**RESPONSE:** Denied.

## COUNT V
### (Infringement of the '563 Patent)

110.    Align incorporates by reference its allegations in Paragraphs 1-109 as if fully restated in this paragraph.

**RESPONSE:**  Defendants restate and reincorporate their responses to paragraphs 1-109 as if

fully set forth herein.

111.    The '563 patent describes in detail and claims in various ways inventions in systems and devices for improving a virtual model by creating, recreating or reconstructing finish line data or other geometry corresponding to an obstructed part of a model.

**RESPONSE:** Denied.

112.    The '563 patent describes problems and shortcomings in the then-existing field of digital dentistry and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. (**Exhibit 5** at 1:26-62.) The claimed invention relates to the reconstruction of scanning data of the intraoral cavity that is obscured.

**RESPONSE:** Denied.

113.    A parameter used in the design and manufacture of a dental prosthesis, such as a crown or bridge, is the finish line, or transition boundary between the prosthesis and the dental preparation, and this needs to be precisely defined in three-dimensions. Obtaining the finish line coordinates from a computer virtual model is more efficient and often more accurate than from a plaster cast, and moreover facilitates the production of such a prosthesis, for example via CNC machining, rapid prototyping, or other computerized technologies, if desired. However, it is often the case that when scanning the intra oral cavity to obtain 3D data of the preparation and finish line on which the virtual model is based, part of the finish line, and possibly also the shoulder and other parts of the preparation, may be obscured by soft tissues such as the gum that, no longer being pushed by the dental surfaces that have been removed, deform to cover at least a part of the finish line on the prepared dental site. Additionally or alternatively, part or all of the finish line may be obscured by other agents, including, for example, accumulation of one or more of saliva, blood, lubricant used with a dental drill, debris resulting from working the dental site, and so on

**RESPONSE:** Denied.

114.    The inventions disclosed in the '563 patent provide a specific solution to this problem by allowing for the manipulation in virtual space of an obscured portion of a virtual model. Specifically, the '563 allows the user to create, recreate or reconstruct finish line data and other geometry corresponding to the obscured part.

**RESPONSE:** Denied.

115.    On information and belief, 3Shape has been and is now directly and indirectly infringing, literally and/or under the doctrine of equivalents, the '563 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products covered by one or more of the claims of the '563 patent, including the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product.

**RESPONSE:** Denied.

116.    The '563 patent is directed to a system for manipulating a virtual dental model, the system comprising a computer having instructions that, when executed, cause the computer to: receive a 3D virtual model of a dental site comprising dental surfaces, wherein a first portion of the dental site is obscured by a material; manipulate the 3D virtual model to create an auxiliary 3D virtual model that includes a representation of the first portion of the dental site in which the first portion is not obscured by the material; and provide topographical data of the first

portion from the virtual model and the auxiliary virtual model so as to reconstruct data of the first portion of the dental site.

**RESPONSE:** Denied.

117.   3Shape's TRIOS, TRIOS 3, and TRIOS Module software product infringe at least claim 1 of the '563 patent. For example, 3Shape's TRIOS, TRIOS 3, and TRIOS Module software product are a system for manipulating a virtual dental model, the system comprising a computer having instructions that, when executed, cause the computer to: receive a 3D virtual model of a dental site comprising dental surfaces, wherein a first portion of the dental site is obscured by a material; manipulate the 3D virtual model to create an auxiliary 3D virtual model that includes a representation of the first portion of the dental site in which the first portion is not obscured by the material; and provide topographical data of the first portion from the virtual model and the auxiliary virtual model so as to reconstruct data of the first portion of the dental site, as shown, for example, in the 3Shape videos and user manuals below.

> 3Shape TRIOS® module software is supported by Windows Vista or later with Microsoft .Net 4. (version 4.5 is part of the installer).
>
> 3Shape TRIOS® module installer is either factory installed on TRIOS® Cart or a custom installation on a supported PC with attached Pod and scanner.

(*See* 3Shape, TRIOS Module User Manual, 5 (July 17, 2017 (1.17.2.2)), https://www.3shape.com/en/knowledge-center/user-manuals#TRIOS-module (hereinafter, "TRIOS Module User Manual").)

 **Trim** - provides tools for cleaning and trimming the scan:

(*Id.* at 27.)

> 5. **Keep lips, cheeks, and tongue out of the scanner's view**:
>    - Use your finger or a dental mirror to create space between the teeth, lips and cheeks.
>    - Use a lip-and-cheek-retractor to keep lips and cheeks away.
>    - Be careful not to scan your own or assistant's fingers.
>    - If you get lips, cheeks or tongue in the scan, make sure to trim it all, especially where they have contact with the teeth (no surfaces should stick out from the teeth).

(*Id.* at 32.)



(3Shape Training Video at 2:29 available at https://www.youtube.com/watch?v=hIP1CbFnFPU.) As shown in the training video, a first portion of the dental site is obscured by a material, such as saliva. Using the aforementioned trim tool the 3D virtual model can be manipulated to create an auxiliary 3D virtual model that includes a representation of the first portion of the dental site in which the first portion is not obscured by the material, and provide topographical data of the first portion from the virtual model and the auxiliary virtual model so as to reconstruct data of the first portion of the dental site.

**RESPONSE:**  Denied.

118.    3Shape possesses knowledge of and is aware of the '563 patent by virtue of, at a minimum, the filing of this Complaint and, on information and belief, possessed prior knowledge of the '563 patent by virtue of the prior business dealings between 3Shape and Align and other facts described above.

**RESPONSE:**  Denied.

119.    3Shape also has been and is now actively inducing infringement of one or more claims of the '563 patent, either literally or under the doctrine of equivalents.

**RESPONSE:**  Denied.

44

120.    On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S alone and/or acting in concert with, directing and/or authorizing 3Shape US to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product, (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative induce infringement by others (**Exhibit 13** at 809:1-810:3, 899:2-24). On information and belief, 3Shape A/S and/or 3Shape TRIOS A/S induces 3Shape US to infringe (**Exhibits 6-10**).

**RESPONSE:** Denied.

121.    On information and belief, 3Shape US alone and/or acting in concert with, directing and/or authorizing 3Shape A/S and/or 3Shape TRIOS A/S to make, use, sell or offer for sale in the United States or import into the United States the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product, (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24), possesses an affirmative intent to actively induce infringement by others. (**Exhibits 6-10; Exhibit 13** at 809:1-810:3, 899:2-24.)

**RESPONSE:** Denied.

122.    3Shape has intended, and continues to intend to induce infringement of the '563 patent by others and has knowledge, with specific intent, that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause the infringing acts. For example, 3Shape is aware that the features claimed in the '563 patent are features in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product and are features used by others that purchase the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product and, therefore, that purchasers and end users will infringe the '563 patent by using the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product in accordance with the promotional and training material disseminated by 3Shape. 3Shape actively induces infringement of the '563 patent with knowledge and the specific intent to encourage that infringement by, *inter alia*, disseminating the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product and providing promotional materials, marketing materials, training materials, instructions, product manuals, user guides, and technical information (including but not limited to the marketing video, brochure, and press release described in this Count of the Complaint) to others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product. Those third parties directly infringe the '563 patent by making, using, selling, offering for sale, and/or importing the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product.

**RESPONSE:** Denied.

123.    3Shape also has been and is now contributing to the infringement of one or more claims of the '563 patent, either literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

124.    3Shape has actively, knowingly, and intentionally contributed and continues to actively, knowingly, and intentionally contribute to the infringement of the '563 patent by having sold or offered to sell and continuing to sell or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product within in the United States (**Exhibit 6**; **Exhibit 13** at 809:1-810:3, 899:2-24) and/or by importing the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product into the United States, with knowledge that the infringing technology in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product is especially made and/or especially adapted for use in infringement of the '563 patent. (**Exhibit 13** at 894:14-17; 896:18-897:13). 3Shape has contributed to the infringement by others with knowledge that the infringing technology in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product is a material part of the patented invention, and with knowledge that the infringing technology in the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product is not a staple article of commerce suitable for substantial non-infringing use, and with knowledge that others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product, infringe and will continue to infringe the '563 patent because, due to their specific designs, the accused products and components thereof do not have any substantial noninfringing uses. 3Shape has such knowledge at least because the claimed features of the '563 patent are used by others including, but not limited to, resellers, distributors, customers, dentists, orthodontists, dental and orthodontic labs, and/or other end users of the TRIOS and TRIOS 3 intraoral scanning systems and TRIOS Module software product. (**Exhibits 7, 8**.)

**RESPONSE:** Denied.

125.    On information and belief, 3Shape knew or should have known of the '563 patent and has acted, and continues to act, in an egregious and wanton manner by infringing the '563 patent. On information and belief, 3Shape's infringement of the '563 patent has been and continues to be willful and deliberate. The market for intraoral scanners and related dental and orthodontic software products contains a limited number of competitors, with Align being a known pioneer with whom 3Shape has studied familiarity. The companies have worked together in the past and 3Shape has had ample access to Align's technology. Moreover, 3Shape spent ample time studying Align patents. Upon information and belief, 3Shape knowingly developed and sold its competitive knockoff products in an infringing manner that was known to 3Shape or was so obvious that 3Shape should have known about this infringement.

**RESPONSE:** Denied.

126.    Moreover, at least as of 2017, 3Shape engaged in a "big analysis" of Align's patents. 3Shape engaged in this analysis because it believed it could not use Align's technology until at least 2020. 3Shape was performing a risk assessment of Align's patent portfolio because 3Shape recognized risks in introducing potentially infringing Align's patents. During this assessment, internal concerns at 3Shape were raised about Align's patents. 3Shape continues to make, use, sell, and/or offer for sale the TRIOS and TRIOS 3 intraoral scanning systems, and the TRIOS Software, Dental System and/or Ortho System software in the United States, to import

the products into the United States, and to encourage its resellers and others to sell and use the products in the United States, despite being aware of a substantial risk of infringement.

**RESPONSE:** Denied.

127.   On information and belief, despite knowing that its actions constituted infringement of the '563 patent and/or despite knowing that that there was a high likelihood that its actions constituted infringement of the patent, 3Shape nevertheless continued its infringing actions, and continues to make, use and sell its infringing products.

**RESPONSE:** Denied.

128.   3Shape's acts of infringement have injured and damaged Align.

**RESPONSE:** Denied.

129.   3Shape's wrongful conduct has caused Align to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions. Upon information and belief, 3Shape will continue these infringing acts unless enjoined by this Court.

**RESPONSE:** Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested by the Complaint, or any other remedy or relief whatsoever.

## AFFIRMATIVE DEFENSES

Without any admission as to burden of proof, burden of persuasion, or the truth of any of the allegations in Plaintiff's Complaint, Defendants state the following affirmative defenses. Defendants reserve the right to assert additional defenses, as warranted by the facts learned through investigation and discovery.

### First Affirmative Defense
### (Invalidity of U.S. Patent No. 9,844,420)

One or more claims of the '420 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102,

103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

## Second Affirmative Defense
### (Non-Infringement of U.S. Patent No. 9,844,420)

Plaintiff has failed to aver any facts that support its allegations of infringement by the accused products.  The accused products will not infringe any valid and enforceable claim of the '420 patent, either literally or under the doctrine of equivalents.

## Third Affirmative Defense
### (Invalidity of U.S. Patent No. 7,357,634)

One or more claims of the '634  patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

## Fourth Affirmative Defense
### (Non-Infringement of U.S. Patent No. 7,357,634)

Plaintiff has failed to aver any facts that support its allegations of infringement by the accused products.  The accused products will not infringe any valid and enforceable claim of the '634 patent, either literally or under the doctrine of equivalents.

## Fifth Affirmative Defense
### (Invalidity of U.S. Patent No. 9,975,294)

One or more claims of the '294 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

**Sixth Affirmative Defense**
**(Non-Infringement of U.S. Patent No. 9,975,294)**

Plaintiff has failed to aver any facts that support its allegations of infringement by the accused products.  The accused products will not infringe any valid and enforceable claim of the '294 patent, either literally or under the doctrine of equivalents.

**Seventh Affirmative Defense**
**(Invalidity of U.S. Patent No. 7,156,115)**

One or more claims of the '115 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

**Eight Affirmative Defense**
**(Non-Infringement of U.S. Patent No. 7,156,115)**

Plaintiff has failed to aver any facts that support its allegations of infringement by the accused products.  The accused products will not infringe any valid and enforceable claim of the '115 patent, either literally or under the doctrine of equivalents.

**Ninth Affirmative Defense**
**(Invalidity of U.S. Patent No. 8,805,563)**

One or more claims of the '563 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 101, 102, 103, and 112, and/or invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

**Tenth Affirmative Defense**
**(Non-Infringement of U.S. Patent No. 8,805,563)**

Plaintiff has failed to aver any facts that support its allegations of infringement by the accused products.  The accused products will not infringe any valid and enforceable claim of the '563 patent, either literally or under the doctrine of equivalents.

**Eleventh Affirmative Defense**
**(Prosecution History Estoppel)**

Plaintiff is estopped from arguing and have waived arguments that the claims of the '420, '634, '294, '115, and the '563 patents cover the products described by virtue of amendments, positions, and arguments made to the USPTO when obtaining the asserted patents.

**Twelfth Affirmative Defense**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Thirteenth Affirmative Defense**
**(Lack of Standing)**

Plaintiff do not have standing to assert claims for patent infringement under 35 U.S.C. § 271(a), (b), and (c).

**Fourteenth Affirmative Defense**
**(Equitable Estoppel, Laches, Waiver, Acquiescence, and/or Unclean Hands)**

Plaintiff's claims for relief are barred by the doctrines of waiver, laches, acquiescence, unclean hands, and/or estoppel with respect to asserted claims of the '420, '634, '294, '115, and the '563 patents because Plaintiff misled 3Shape as to its intent not to enforce these patents against 3Shape after it learned, or through reasonable diligence should have learned, of its causes of action against 3Shape, and since such time 3Shape has expended substantial amounts of time, money, and effort to build its business, brand and recognition of its name and products.

### Fifteenth Affirmative Defense
### (Covenant Not to Sue)

Plaintiff has covenanted not to sue 3Shape on the asserted patents.

### Sixteenth Affirmative Defense
### (License)

Plaintiff's claims for relief are barred with respect to asserted claims of the '420, '634, '294, '115, and '563 patents to the extent the accused 3Shape products are expressly or impliedly licensed under these patents.

### Seventeenth Affirmative Defense
### (Patent Misuse)

Plaintiff's claims are barred, in whole or in part, by the doctrine of patent misuse.

### Eighteenth Affirmative Defense
### (Limitations on Damages)

Plaintiff is not entitled to damages on the sale of TRIOS and TRIOS 3 scanners as Plaintiff has represented that the patents-in-suit are applicable to software and not hardware.

### Nineteenth Affirmative Defense
### (Additional Defenses or Counterclaims)

Defendants reserve all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent laws and any additional defenses or counterclaims that discovery may reveal including that Plaintiff has failed to aver any facts supporting the conclusion that they have suffered any irreparable injury or harm under 35 U.S.C. § 283, and that Plaintiff has failed to aver any facts supporting that this is an exceptional case and/or an award of attorney's fees under 35 U.S.C. § 285.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice and that Defendants be awarded the costs of this action, its attorneys' fees, and all other relief that this Court deems just and proper.

## COUNTERCLAIMS

For their counterclaims against Counterclaim-Defendant Align Technology, Inc. ("Counterclaim-Defendant" or "Align"), Counterclaim-Plaintiffs 3Shape A/S, 3Shape Trios A/S, and 3Shape, Inc. (collectively "Counterclaim-Plaintiffs" or "3Shape"), state as follows:

## PARTIES

1.      Counterclaim-Plaintiff 3Shape A/S ("3Shape A/S") is a Danish corporation with principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

2.      Counterclaim-Plaintiff 3Shape Trios A/S ("3Shape Trios A/S") is a Danish corporation with principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

3.      Counter-claim Plaintiff 3Shape Inc. ("3Shape US") is a Delaware corporation with a principal place of business at 10 Independence Boulevard, Suite 150, Warren, New Jersey 07059.

4.      Upon information and belief, Counterclaim-Defendant Align Technology Inc. ("Align") is a Delaware corporation with its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

5.      Counterclaim-Plaintiffs' counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7.      This Court has personal jurisdiction over Counterclaim-Defendant because Counterclaim-Defendant has availed itself of the rights and privileges of this forum by bringing this civil action in this judicial district and because, upon information and belief, Counterclaim-Defendant conducts substantial business in, and has regular and systematic contact with, this judicial district.

8.      Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

9.      3Shape is a pioneer developer of dental equipment and software for use by dental professionals and laboratories since 2004. In particular, 3Shape TRIOS A/S, a sister company of 3Shape A/S and 3Shape US, designs, develops, manufactures, and sells Trios, the first color, wireless intraoral full mouth scanner in the industry, and related software products. The Trios system can be used for scanning, designing and ordering of clear aligners and a number of other orthodontic treatments or dental products.

10.     Trios has been named the best intraoral scanner by the industry for five years in a row.  Trios was also named the most accurate intraoral scanner in an independent American Dental Association study.

11.     Trios has numerous operational advantages for dental professionals as well. The most important is that Trios is an open system scanner, integrated with many different providers of restorative products and orthodontic treatments.  Dental professionals can send scans directly from Trios to any provider that accepts STL files, the open industry standard file format. Trios's open system provides patients and dental professionals freedom of choice and access to an open market for dental and orthodontic treatments.

12.     3Shape A/S sells and licenses certain software in the United States, including Ortho System, Ortho Analyzer, Ortho Planner, and Appliance Designer.

13.     3Shape US provides marketing, warranty and repair services for 3Shape's products and supports 3Shape's third party U.S. resellers/distributors.

14.     The TRIOS and TRIOS 3 scanners do not infringe any valid claim of any Align asserted patent, including the '420, '634, '294, '115, and '563 patents.

15.     Each of the asserted patents is invalid.

## COUNT I
### (Declaratory Judgment of Invalidity of the '420 Patent)

16.     Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-15 of the Counterclaims as if fully set forth herein.

17.     3Shape is entitled to a declaration that the asserted claims of the '420 patent are invalid pursuant to at least 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT II
### (Declaratory Judgment of Non-infringement of the '420 Patent)

18.     Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-17 of the Counterclaims as if fully set forth herein.

19.     3Shape is entitled to a declaration that it does not infringe the asserted claims of the '420 patent.

## COUNT III
### (Declaratory Judgment of Invalidity of the '634  Patent)

20.     Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-19 of the Counterclaims as if fully set forth herein.

21.     3Shape is entitled to a declaration that the asserted claims of the '634  patent are invalid pursuant to at least 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT IV
### (Declaratory Judgment of Non-infringement of the '634  Patent)

22.     Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-21 of the Counterclaims as if fully set forth herein.

23.     3Shape is entitled to a declaration that it does not infringe the asserted claims of the '634  patent.

## COUNT V
### (Declaratory Judgment of Invalidity of the '294 Patent)

24.     Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-23 of the Counterclaims as if fully set forth herein.

25.     3Shape is entitled to a declaration that the asserted claims of the '294 patent are invalid pursuant to at least 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT VI
### (Declaratory Judgment of Non-infringement of the '294 Patent)

26.     Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-25 of the Counterclaims as if fully set forth herein.

27.     3Shape is entitled to a declaration that it does not infringe the asserted claims of the '294 patent.

## COUNT VII
### (Declaratory Judgment of Invalidity of the '115 Patent)

28.     Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-27 of the Counterclaims as if fully set forth herein.

29.    3Shape is entitled to a declaration that the asserted claims of the '115 patent are invalid pursuant to at least 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT VIII
### (Declaratory Judgment of Non-infringement of the '115 Patent)

30.    Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-29 of the Counterclaims as if fully set forth herein.

31.    3Shape is entitled to a declaration that it does not infringe the asserted claims of the '661 patent.

## COUNT IX
### (Declaratory Judgment of Invalidity of the '563 Patent)

32.    Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-31 of the Counterclaims as if fully set forth herein.

33.    3Shape is entitled to a declaration that the asserted claims of the '563 patent are invalid pursuant to at least 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT X
### (Declaratory Judgment of Non-infringement of the '563 Patent)

34.    Counterclaim-Plaintiffs restate and reallege each of the foregoing paragraphs 1-33 of the Counterclaims as if fully set forth herein.

35.    3Shape is entitled to a declaration that it does not infringe the asserted claims of the '563 patent.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs respectfully request that this Court enter a judgment in their favor and against Counterclaim-Defendant as follows:

A.      Dismissing the Complaint with prejudice and entering judgment for Counterclaim-Plaintiffs;

B.      Declaring that 3Shape has not infringed any valid and enforceable claim of the '420 patent;

C.      Declaring that 3Shape has not infringed any valid and enforceable claim of the '634 patent;

D.      Declaring that 3Shape has not infringed any valid and enforceable claim of the '294 patent;

E.      Declaring that 3Shape has not infringed any valid and enforceable claim of the '115 patent;

F.      Declaring that 3Shape has not infringed any valid and enforceable claim of the '563 patent;

G.      Awarding Counterclaim-Plaintiffs their reasonable attorney's fees, costs and expenses incurred in this action; and

H.      Awarding any such other and further relief as this Court may deem proper.

*/s/ Geoffrey Grivner*

Geoffrey Grivner (DE Bar No. 4711)
BUCHANAN INGERSOLL & ROONEY PC
919 North Market Street
Suite 990
Wilmington, DE 19801
Tel: (302) 552-4207
Fax: (302) 552-4200
geoffrey.grivner@bipc.com

S. Lloyd Smith (*pro hac vice*)
Kimberly E. Coghill (*pro hac vice*)
Bryan J. Cannon (*pro hac vice*)
Laura K. Pitts (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street
Suite 500
Alexandria, VA 22314-2727
Tel: (703) 838-6514
Fax: (703) 836-2021
lloyd.smith@bipc.com
kimberly.coghill@bipc.com
bryan.cannon@bipc.com
laura.pitts@bipc.com

*Attorneys for Defendants*
*3Shape A/S, 3Shape Trios A/S and 3Shape Inc.*

Dated:  October 14, 2019

58