# EXHIBIT 1

█████████████████████████

## UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN INTRAORAL SCANNERS AND RELATED HARDWARE AND SOFTWARE** | **Inv. No. 337-TA-1090** |

**ORDER NO. 16: DENYING 3SHAPE'S MOTION FOR SUMMARY DETERMINATION THAT THE DISPUTES IN THIS INVESTIGATION ARE SUBJECT TO THE EXCLUSIVE JURISDICTION OF THE COURTS IN DENMARK AND MOTION TO TERMINATE**

(May 30, 2018)

### I. PROCEDURAL BACKGROUND

On December 14, 2017, the Commission instituted an investigation into allegations by Align Technology, Inc. of San Jose, California ("Align") in an amended complaint filed December 4, 2017. Notice of Institution of Investigation at 1; 82 Fed. Reg. 60215-216 (Dec. 19, 2017). The amended complaint alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain intraoral scanners and related hardware and software by reason of infringement of one or more of U.S. Patent No. 9,615,901, U.S. Patent No. 8,638,448, U.S. Patent No. 8,638,447, U.S. Patent No. 6,845,175, and U.S. Patent No. 6,334,853. *Id.* The amended complaint seeks a limited exclusion order and cease and desist orders. *Id.*

On March 13, 2018, Respondents 3Shape A/S, 3Shape Trios A/S, and 3Shape Inc. (collectively, "3Shape") filed a motion for summary determination and motion to terminate based on an alleged agreement between 3Shape and Align that the disputes in this investigation are subject to the exclusive jurisdiction of the courts of Denmark. Motion Docket No. 1090-008

██████████████████████████████████

(the "motion"). On March 19, 2018, Align filed an expedited motion for extension of time to file a response to the motion and a request for shortened time for 3Shape to respond. Motion Docket No. 1090-009. On March 23, 2018, Align filed its opposition ("Opp."). On April 18, 2018, Align filed a "notice of development" related to the motion. On March 28, 2018, 3Shape filed a reply brief. On April 9, 2018, Align filed a motion seeking leave to file a sur-reply. Motion Docket No. 1090-014.[1]

On May 16, 2018, 3Shape filed a "supplemental submission regarding recent events" in support of the motion. On May 21, 2018, Align filed a notice of supplemental authority regarding Administrative Law Judge Cheney's decision in Investigation No. 337-TA-1091, *Certain Color Intraoral Scanners and Related Hardware and Software*. Order No. 23 (May 18, 2018). On May 25, 2018, Align filed a "second notice of development related to 3Shape's motion." On May 29, 2018, 3Shape filed a response to Align's notice of development related to the motion.[2]

---

[1] Motion Docket No. 1090-014 is hereby DENIED. No good cause for filing a sur-reply has been stated. Motion Docket No. 1090-009 is denied as moot.

[2] The parties are specifically admonished that **no party in this investigation shall submit any written communication to the administrative law judge other than those specifically provided for in the Ground Rules (Order No. 2).** Counsel are advised that with respect to motions, the Commission Rules provide: "All written motions shall state the particular order, ruling, or action desired, and the grounds therefore." 19 C.F.R. 210.15. Further, the ground rules for this investigation provide for a motion, a response, and a reply. Ground Rules 3.1, 3.1.1, 3.1.2. Any other document shall be filed with a motion for leave to file in accordance with the Commission Rules and the ground rules. Such motions for leave will be viewed with disfavor. Any party electing not to respond to a motion shall file a statement within the time provided for a response stating that the party does not choose to file a response. No reply brief shall be permitted in such an instance. After filing a motion, response, or reply, a party may file, without a motion for leave, a supplemental citation of authorities pursuant to Ground Rule 3.10. *See also* Federal Rules of Appellate Procedure, Rule 28(j). Filings that do not conform to the requirements set forth above will be rejected without further notice.

2

████████████████████████████

In the motion, 3Shape maintains that in 2015 it and Align entered into a "Scanner Agreement" obligating the parties to "settle any dispute arising out of or in connection with this Agreement (including any non-contractual disputes or claims)" in the courts of Denmark. Motion at 2; Motion Ex. 1 at 18. 3Shape says that on March 6, 2018, it instituted an action in Denmark seeking, in part, a declaratory judgement the 3Shape does not infringe the patents asserted by Align in this investigation. *Id.* at 1.

In its opposition, Align asserts that "there is no precedent for the Commission terminating its investigation upon the mere *filing* of a foreign action, absent any court injunction or any adjudication of the respondent's claim that the foreign court has exclusive jurisdiction." Opp. at 1.[3] Align also disputes the applicability to this investigation of the choice of forum provision of the Scanner Agreement. Opp. at 2.

## II. DISCUSSION

### A. Legal Standards

#### 1. Summary Determination

Commission Rule 210.18 governing summary determination states, in part:

> The determination sought by the moving party shall be rendered if pleadings and any depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary determination as a matter of law.

19 C.F.R. § 210.18(b). By analogy to Fed. R. Civ. P. 56 (a), in deciding whether to grant summary determination, the evidence "must be viewed in the light most favorable to the party

---

[3] Align's brief repeatedly refers to orders by administrative law judges as decisions by or of "the Commission," but these orders should not be cited as Commission authority unless the ALJ's decision has become the determination of the Commission pursuant to Commission Rule 210.42(h), in which case the record of such Commission determination shall be noted in the reference.

3

opposing the motion . . . with doubts resolved in favor of the nonmovant." *Crown Operations Int'l, Ltd. v. Solutia, Inc.*, 289 F.3d 1367, 1375 (Fed. Cir. 2002) (citations omitted); *see also Xerox Corp. v. 3Com Corp.*, 267 F.3d 1361, 1364 (Fed. Cir. 2001) ("When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor."). The court should "assure itself that there is no reasonable version of the facts, on the summary judgment record, whereby the nonmovant could prevail, recognizing that the purpose of summary judgment is not to deprive a litigant of a fair hearing, but to avoid an unnecessary trial." *EMI Group N. Am., Inc. v. Intel Corp.*, 157 F.3d 887, 891 (Fed. Cir. 1998) (citations omitted). "In other words, '[s]ummary judgment is authorized when it is quite clear what the truth is' . . . and the law requires judgment in favor of the movant based upon facts not in genuine dispute." *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1185 (Fed. Cir. 1993) (citations omitted).

### 2. Termination of Investigations under Section 337

Section 337(c) provides that the Commission "shall determine, with respect to each investigation conducted by it under this section, whether or not there is a violation . . . except that the Commission may, by issuing a consent order or on the basis of an agreement between the private parties to the investigation, including an agreement to present the matter for arbitration, terminate any such investigation, in whole or in part, without making such a determination." 19 U.S.C. § 1337(c). The Commission's rules similarly provide that the Commission may terminate any investigation, in whole or in part, based on "a settlement, a licensing or other agreement, including an agreement to present the matter for arbitration." 19 C.F.R. § 210.21(a)(2).

### B. DISCUSSION

In the motion, 3Shape discusses at length federal law regarding application of forum selection clauses, but 3Shape does not establish that federal law regarding forum selection

clauses applies to the Commission under section 337. 3Shape presents no decision in which the Commission has agreed, pursuant to federal common law or otherwise, to terminate an investigation because of a forum selection clause in a private contract. 3Shape presents no colorable legal argument that the Commission or its administrative law judges are obligated to adjudicate private contractual terms regarding forum selection before investigating an alleged violation under section 337.

In practice, the Commission and its administrative law judges may adjudicate certain aspects of private disputes in connection with the resolution of alleged violations of section 337(a)(1). 19 U.S.C. § 1337(a)(1). That is not the situation with respect to the Scanner Agreement's forum selection clause. Align's selection of this forum, even if contrary to the Scanner Agreement, is a procedural matter, not a legal or equitable defense to patent infringement. *See* 19 C.F.R. § 1337(c)("All legal and equitable defenses may be presented in all cases."). The Commission has its own procedures, grounded in the statute, and these procedures are not subject to the contractual agreements of private parties.

On its terms, section 337 is set up to achieve timely resolution of disputes involving alleged unfair trade practices in order to prevent harm to American industry that results from such practices. *See* 19 U.S.C. § 1337(d), (e), (f), and (g) (providing for exclusion of goods and for cease and desist orders). Indeed, in a provision dealing directly with concurrent disputes, Congress states expressly that adjudications in district court "shall not delay or affect the proceeding under this section." *Id.* at § 1337(c). Bearing in mind the statutory scheme, it is quite clear that the relief 3Shape seeks should be denied.[4]

---

[4] As a practical matter, 3Shape may seek a ruling from a district court that the forum selection clause in the Scanner Agreement precludes Align from bringing this action at the ITC. Such an order could compel Align to withdraw its complaint, thereby invoking the termination provisions of section 337 and the Commission's rules regarding termination. *See, e.g., General Protecht*

5

████████████████████████████████

### III. CONCLUSION

Based on the foregoing, Motion Docket No. 1090-008 is hereby DENIED.

This order is being issued with a confidential designation, and pursuant to Ground Rule 1.10, each party shall submit to the Administrative Law Judge a statement as to whether or not it seeks to have any portion of this order deleted from the public version within seven (7) days. *See* 19 C.F.R. § 210.5(f). A party seeking to have a portion of the order deleted from the public version thereof must attach to its submission a copy of the order with red brackets indicating the portion(s) asserted to contain confidential business information.[5] The parties' submissions under this subsection need not be filed with the Commission Secretary but shall be submitted by paper copy to the Administrative Law Judge and by e-mail to the Administrative Law Judge's attorney advisor.

**SO ORDERED.**

Dee Lord
Administrative Law Judge

---

*Group, Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011) (affirming district court's grant of preliminary injunction); *Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1331 (vacating district court's denial of preliminary injunction) (Fed. Cir. 2000).

[5] Redactions should be limited to avoid depriving the public of the basis for understanding the result and reasoning underlying the decision. Parties who submit excessive redactions may be required to provide an additional written statement, supported by declarations from individuals with personal knowledge, justifying each proposed redaction and specifically explaining why the information sought to be redacted meets the definition for confidential business information set forth in Commission Rule 201.6(a). 19 C.F.R. § 201.6(a).

CERTAIN INTRAORAL SCANNERS AND RELATED      Inv. No. 337-TA-1090
HARDWARE AND SOFTWARE

## CONFIDENTIAL CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served to the following parties as indicated, on May 30, 2018

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC 20436

**On Behalf of Complainants Align Technology, Inc.:**

Blair M. Jacobs, Esq.
**PAUL HASTINGS, LLP**
875 15th Street, NW
Washington, DC 20005

☐ Via Hand Delivery
☑ Via Express Delivery
☐ Via First Class Mail
☐ Other:_____

**On Behalf of Respondents 3Shape A/S and 3Shape Inc.:**

Goutam Patnaik
**PEPPER HAMILTON LLP**
Hamilton Square
600 14th Street, NW
Washington, DC 20005

☐ Via Hand Delivery
☑ Via Express Delivery
☐ Via First Class Mail
☐ Other:_____