Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 Market Street, Suite 5100
Wilmington, DE 19899



troutman.com

**James H.S. Levine**
302-777-6536
James.levine@troutman.com

<u>VIA CM/ECF</u>

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**Public Version Filed
November 24, 2020**

Re: *Align Technology, Inc. v. 3Shape A/S, 3Shape TRIOS A/S, 3Shape Inc., and 3Shape Manufacturing US, LLC*, C.A. No. 18-1949-LPS

Dear Magistrate Judge Hall:

3Shape requests that the Court deny Align's demand for unduly burdensome and overbroad email discovery and Align and Mike Walsh's unsupported request for a protective order.

**I.    <u>Align's Request for Email Discovery is Overbroad and Unduly Burdensome</u>**

Align admits that the parties already engaged in broad email discovery in three prior lawsuits in this District, but omits that the parties also engaged in similarly broad email discovery in three prior ITC Investigations and are set to engage in further email discovery in a fourth suit in this District. (*See, e.g.*, Appx. A.) Align also omits that, in each of those prior cases, the parties spent over a month exchanging repeated emails to refine, iterate, and narrow search terms in order to reach the agreed-upon hit limits.

To date, 3Shape has produced approximately 350,000 pages of emails and attachments and 3Shape's discovery vendor has billed approximately $[redacted] on email discovery across these six lawsuits. This does not even account for attorney time reviewing emails. All of this prior email discovery is available in this case via cross-use (another fact Align omits, *see* D.I. 71), and each of the accused products in this case (3Shape's Trios scanners and Bracket Placement and Model Builder software) have been accused in at least one of the six prior lawsuits in which the parties conducted email discovery. In fact, Align has accused Trios in the complaints in all six of those cases. This subject matter overlap is readily apparent in view of Align's repeated use of 3Shape email custodians and similar search terms. (*See* Appx. A.) Align has already requested emails from 15 3Shape custodians, including 3Shape's VP of product strategy (who also headed the original Trios development) five times, its current head of Trios engineering four times, its VP of orthodontics three times, its co-founders three times, and five times from other Trios engineers. (Appx. A.) As such, Align's claim that this case involves "unique patents, technology, and issues" for email discovery is a significant overstatement.

In fact, given the litigation history between the parties, the "existing compromise protocol" Align demands is inefficient, impractical, and disregards not only the burden of searching and reviewing emails for each custodian, but also the arduous process of running and narrowing search terms before production can even begin. *See* Fed. R. Civ. P. 26(b)(2)(C).


Align already agreed to more reasonable email discovery limits in C.A. 17-1648, and 3Shape is simply seeking similar limits here.[1]  Align's argument that the parties now must revert to broader limits is unfounded, especially given the parties' litigation history.  Indeed, "[i]n all cases…the extent and scope of discovery allowed must be considered on a case by case basis given the particular needs of each case."  *Myers v. Prudential Ins. Co. of Am.*, 581 F. Supp. 2d 904, 914 (E.D. Tenn. 2008).  Given the repetitive and disproportionate nature of Align's demand, 3Shape respectfully requests the Court limit email discovery in this case to a maximum of 10,000 total hits per party and limit the number of iterative search term exchanges to three or fewer.[2]

**II.     3Shape is Entitled to Depose Mr. Walsh in a Non-Obstructionist Deposition**

Under Rule 26(c), a court may only enter a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Align and Mr. Walsh failed to demonstrate good cause.  Mr. Walsh is relevant to 3Shape's affirmative defenses for all five patents-in-suit and numerous of its counterclaims.

***Relevant Facts.***  On January 22, 2020, Align served its Initial Disclosures in this case identifying Mr. Walsh as "an individual[] likely to have discoverable information that Align may use to support its claims or defenses."  (Ex. 1.[3])  As such, 3Shape made plans to depose Mr. Walsh and confirmed that counsel for Align represented Mr. Walsh and would accept service of his subpoena.  (Ex. 2 at R. Bolton email (Sept. 28, 2020).)  On September 29, 3Shape served the subpoena with a November 10 deposition date.  (Align Ex. E.)  The very next day, Align served supplemental Initial Disclosures that conspicuously removed Mr. Walsh.  (Ex. 3.)

Two weeks later counsel for Align/Mr. Walsh first informed 3Shape that Mr. Walsh was not available on November 10.  (Ex. 4 at G. Margeson email (Oct. 14, 2020).)  Despite 3Shape's efforts to accommodate Mr. Walsh (*e.g.*, by conducting the deposition remotely, after business hours, or on the weekend, and confirming that the deposition would not last a full day), for nearly a month Align/Mr. Walsh's counsel repeatedly refused to provide alternative dates on or before November 10, or explain why Mr. Walsh was unavailable on or before that date.  (Align Ex. F at K. Coghill email (Oct. 27, 2020.)  3Shape's counsel informed Align/Mr. Walsh that 3Shape would move forward with the deposition to confirm Mr. Walsh's non-compliance with the subpoena and make a record of his non-appearance if he refused to substantiate his unavailability.  (Align Ex. F at K. Coghill email (Nov. 9, 2020).)

During this time, the parties also submitted claim construction briefing on terms relevant to the five currently-asserted patents.  (D.I. 054, 068, 126, 133-34.)  Judge Stark held a *Markman* hearing on those terms on October 26, 2020.  (D.I. 054 at ¶ 14.)  Just three days later, Align proposed dismissing two asserted patents without prejudice – U.S. Patent Nos. 9,844,420 (the

---

[1] Align's suggestion that 3Shape "took full advantage of the parties' compromise in the 886 Action" ignores that C.A. 18-886 is the only case where 3Shape is a plaintiff asserting patent infringement against Align, and therefore involved distinct issues from Align's cases.
[2] 3Shape proposed two custodians, two search terms each, 5,000 hits per custodian, but would accept other protocols that limit the total hits (not the total hits per custodian) to 10,000 or less.
[3] Exhibits A-H were attached to Align's Motion.  Exhibits 1-5 are attached hereto.

**The Honorable Jennifer M. Hall**
November 17, 2020
Page 3



"'420 patent") and 9,975,294 (the "'294 patent"). (Ex. 5 at C. Ondrick email (Nov. 2, 2020).) Since Align recently filed another patent infringement case against 3Shape in the Western District of Texas comprised solely of patents or family members of patents previously asserted against 3Shape in this District, 3Shape declined Align's purported effort to "streamline" this case unless the dismissal was with prejudice.[4] (Ex. 5 at G. Patnaik email (Nov. 4, 2020).) *See also 3Shape A/S et. al v. Align Tech., Inc.*, C.A. No. 20-1492, D.I. 002-005.

     Despite this disagreement, Align unilaterally claimed it would not provide discovery regarding the '294 and '420 patents despite their continued assertion. (Ex. 5 at C. Ondrick email (Nov. 6, 2020).) At the same time, counsel for Align/Mr. Walsh confirmed that (1) despite earlier representations, Mr. Walsh was indeed available on November 10, and (2) Align would unilaterally limit the scope of his deposition to prevent questioning related to the '294 and '420 asserted patents or 3Shape's counterclaims. (Align Ex. F at G. Margeson email (Nov. 6, 2020).)

     In an attempt to resolve this dispute, the parties met and conferred on November 9. Afterwards – a mere eighteen hours before Mr. Walsh's deposition was scheduled to begin – counsel for Align/Mr. Walsh notified 3Shape of its intent to file the present motion and shifted course again, claiming that Mr. Walsh would not appear for a deposition on the full scope of relevant issues on November 10. (Ex. F at G. Margeson email (Nov. 9, 2020).) 3Shape was prepared to take Mr. Walsh's deposition on November 10 on all of its pending claims and defenses this case, but Mr. Walsh did not appear. (Ex. G at 2:1-14.)

     ***Align is Attempting to Improperly Limit Discovery.*** Align incorrectly assumes that 3Shape is not entitled to discovery on the '420 and '294 patents based on "past practice" in the 886 Action. (Align Mot. at 2.) There, the parties agreed to 3Shape's dismissal of one patent and a stay of discovery while Align decided which patent it wanted to dismiss from one of its six pending cases and the parties affected those dismissals. (*See* Ex. H.) Here, both the '420 and '294 patents are still asserted and subject to discovery. Align's threats to instruct Mr. Walsh not to answer 3Shape's questions are thus improper. (*See* Ex. F at G. Margeson email (Nov. 6, 2020.) *See Conning v. Halpern*, No. 18-cv-12336, 2020 U.S. Dist. LEXIS 178635, at *8-10 (D. Mass. Sept. 29, 2020). 3Shape is entitled to full discovery relating to all asserted patents and claims. *See Liqwd, Inc. v. L'Oréal U.S.*, No. 17-14-JFB-SRF, 2018 U.S. Dist. LEXIS 240547, at *13-14 (D. Del. Nov. 16, 2018). Align/Mr. Walsh also may not unilaterally stay or limit the scope of discovery based on Align's pending motions to dismiss 3Shape's counterclaims. (D.I. 074, 143.) *See, e.g., Texas v. Ysleta Del Sur Pueblo*, No. EP-17-cv-179-PRM, 2018 U.S. Dist. LEXIS 86403, at *10 (W.D. Tex. May 23, 2018); *Stellia Ltd. v. B+S Card Serv. GmbH*, No. 2:12-cv-01099-GMN-PAL, 2013 U.S. Dist. LEXIS 40095, at *8 (D. Nev. Mar. 21, 2013).

     3Shape has made every effort to accommodate Mr. Walsh and limit undue burden and expense pursuant to Rule 45. (*See, e.g.*, Ex. 4.) Align's repeated obstructionism and efforts to foreclose relevant discovery have only increased the burden on Mr. Walsh, as well as 3Shape and this Court. 3Shape is entitled to discovery related to the claims and counterclaims pending in this action, including testimony from Mr. Walsh. Therefore, 3Shape respectfully requests that this court deny Align/Mr. Walsh's motion and order an expeditious, unimpeded deposition.

---

[4] Align Exhibit D does not include the parties' entire exchange. (*See* Ex. 5.)

**The Honorable Jennifer M. Hall**
November 17, 2020
Page 4



       Respectfully submitted,

       */s/ James H.S. Levine*
       James H.S. Levine (#5355)

       *Counsel for Defendants 3Shape A/S,*
       *3Shape TRIOS A/S, 3Shape Inc., and*
       *3Shape Manufacturing US, LLC*

Cc: All counsel of record (by CM/ECF)